Per Curiam.

The office of guardian to a non compos is a very irksome one, and ought not to be made more so by vexatious ap *135 peals. The statute of March 10,1784, entitled “ An Act empowering the judges of probate to appoint guardians to minors and others,” provides that the judges bf probate, upon the complaint of any heir, creditor, or other person having lawful right or claims in expectancy to the estate of any idiot, lunatic, non compos, or distracted person, as well as the guardians, * may [ * 141 | proceed with any person or persons suspected of concealing, embezzling, or conveying away, any of the money, goods, or chattels, of such idiot, &c., in the same manner as is by law provided in case of concealment or embezzlement of the effects of persons deceased.
J. Richardson for the appellant.
The Attorney-General (Sullivan) for the appellee.
Within the equity of this provision, it would be competent for an heir or other person therein described to institute an appeal from the decree of the judge. But that eveiy relative of the non compos should possess this right, would be subjecting the guardian to a great and unnecessary inconvenience.
In this case, Penniman claims the appeal as uncle and next friend of the non compos, and not as heir, next of kin, or creditor. He does not bring himself within the statute, nor does he show that he is aggrieved by the decree appealed from. This appeal must therefore be dismissed, the appellant not having shown himself so far a party in interest as to entitle himself to maintain it. (a)

Costs for the appellee.

 Downing vs. Porter, 9 Mass. Rep. 386. — Swan vs. Picquet, 3 Pick. 443. — Stebbins & Al. vs. Lathrop, 4 Mass. Rep. 41.