† LUNT, *Appellant, versus* AUBENS, *Appellee.*

No person on strictly legal right can claim to be appointed as the guardian of another, but with the exception of certain legal disqualifications, the appointment is left to the discretion of the Judge of Probate.

But the statute authorizes an appeal from his decree by any one *aggrieved* thereby.

In the *appointment* of a guardian, the next of kin or heir presumptive of the ward may be *aggrieved* within the purview of the statute, and can lawfully take an appeal from such decree.

Whether the appointment made by the Judge of Probate was of a suitable person for the trust, is a fact to be determined by the presiding Judge in the appellate Court, on the evidence before him, and cannot be re-examined in the Court of law.

ON EXCEPTIONS from *Nisi Prius*, APPLETON, J., presiding.

APPEAL from a decree of the Judge of Probate.

In the Probate Court, it appeared necessary that a guardian should be appointed for one Jane A. Lunt, who had living neither father nor mother, brother or sister.

Before that Court two petitioners applied for that trust. Humphrey Aubens, the husband of the half-sister of Jane, was one, and her paternal grandfather was the other. The former was appointed by the Judge of Probate; and the latter appealed. The reasons alleged for the appeal were:

First, that it was his legal right to be the guardian, and that the appellee was appointed in derogation of such right.

Second, that it was more suitable and proper that he should be appointed than the other.

There was evidence before the presiding Judge, that both petitioners were suitable persons for the trust, and evidence as to the conditions of the families of the parties, and intentions and wishes of the mother and father of the ward.

The appellee at the hearing denied the appellant's right to appeal, as he was not in the sense of the statute *aggrieved*, and contended, if the Judge held otherwise, it was not the legal right of the appellant to be the guardian; that it was more suitable that the appellee should have the custody of the child, and that it was in the discretion of the Judge of Probate to appoint such suitable person as he thought fit, and unless the Court were of opinion the appellee was not a *suitable person*, the decree could not be reversed.

The Judge held, that the appeal was well taken, and that it was more fit that the grandfather should be appointed guardian, and therefore *reversed the decree of the Judge of Probate.*

To which rulings and decree the appellee excepted.

*Gilbert*, in support of the exceptions.

*Barrows, contra.*

RICE, J. — At common law, the next of kin, who can by no possibility inherit the estate, is entitled to the guardianship in socage. 1 Black. Com. 460; Reeves' Domestic Rel. 311. In this the common law follows the institutions of Solon, who provided that no one should be another's guardian, who was to enjoy the estate after his death. Potter's Antiq. b. 1, c. 26.

It is a rule of the civil law that the nearest relations ought to be appointed guardians, if there is no reason to the contrary. Domat's Civil Law, by Cushing, ¶ 1285.

This rule of the civil law would seem to be approved by Chancellor KENT. 2 Kent's Com. 226, n.

The common law rule is based upon the policy of remov-

ing all temptation, on the part of the guardian to abuse his trust. The theory is, that if he can by no possibility inherit the estate, he will have no inducement, by foul practice, to jeopard the life of his ward. The advocates of the civil law rule condemn this policy, as the emanation of a barbarous age, and as placing too low an estimate upon human character. They, therefore, give their preference to the other rule, which placing more confidence in the natural sympathies of our race, selects those who are most nearly connected with the infant by ties of consanguinity, believing that such persons will feel a deeper interest in the welfare of those thus related to them, than can be expected from strangers, or those more remotely connected.

Neither of the above rules has been adopted in this State. Under our laws no class of persons can claim to be guardians, as matter of strict legal right. By c. 110, R. S., the appointment of guardians is entrusted to Judges of Probate as matter of discretion.

After minors arrive at the age of fourteen years, they may nominate their guardians, but if they neglect to nominate "suitable persons," or nominate those who will not accept the trust, the Judge of Probate may then nominate and appoint guardians in the same manner as if the minor was under the age of fourteen years. The same rule of discretion prevails when the appointment of guardians falls within the jurisdiction of Courts of Chancery. 2 Story's Eq. § 1338.

To any person aggrieved by any order, sentence or decree of a Judge of Probate, the statute, c. 105, § 25, gives the right of appeal to the Supreme Court of Probate, to be held within and for the same county. Such an appeal has been taken in this case. But it is contended that the appellant is not an " aggrieved person" within the meaning of the statute, and for that reason, as well as others, that the appeal was improperly allowed, and that the case should therefore be dismissed.

It is not every person who disapproves of, or is dissatis-

fied with, a judgment or decree of a Judge of Probate, who is " aggrieved" thereby, within the meaning of the law. In legal acceptation, a party is aggrieved by such decree only, when it operates on his property, or bears upon his interest directly. *Deering* v. *Adams*, 34, Maine, 41.

The ward, in this case, has living neither father nor mother, brother nor sister. Her grandfather, the appellant, is her next of kin and heir presumptive. The appellee married the half sister of the mother of the ward, and was appointed guardian by the Judge of Probate. With this appointment the appellant, who also petitioned to be appointed guardian, represents himself aggrieved, and for that cause claims this appeal.

In the case of *Penniman* v. *French*, 2 Mass. 140, the appellant claimed an appeal from a decree of the Judge of Probate, allowing the account of the guardian, as uncle and next friend of the ward. The Court remarked, that " Penniman claims the appeal as uncle and next friend of the *non compos*, and not as heir, next of kin, or creditor. He does not bring himself within the statute, nor does he show that he is aggrieved by the decree appealed from." The appeal was dismissed. If this appellant had been heir to the ward, the Court say, the decision would have been otherwise.

In *Boynton & als.* v. *Dyer*, 18 Pick. 1, which was an appeal from the Judge of Probate upon the account of the appellee, who was guardian of Ruth Boynton, a person *non compos*, and mother of the appellants, the Court decided that the appeal was properly taken. MORTON, J., in delivering the opinion of the Court, remarks, that " the appellants being presumptive heirs of the ward, are so interested in her estate that they have a right to claim an appeal from a decree affecting it. No other person, competent to make an appeal, has any interest in this question. The party *non compos*, is presumed to be incapable of doing it. The appellants are " persons aggrieved," within the meaning of the statute of 1817, c. 190, § 7."

In the case of *Deering & al.* v. *Adams*, cited above,

which was an appeal from a decree of the Judge of Probate appointing the appellee guardian, by the executors of the estate of the grandmother of the wards; the Court, in their opinion, by HOWARD, J., remark, "they were not therefore testamentary guardians of the children; and not being heirs, next of kin, or in any manner interested in the estate of Edward D. Preble, they can have no pecuniary interest either in their personal or representative characters, which is affected by the appointment of the respondent, and were not aggrieved by the decree of the Judge of Probate." Though this case does not expressly decide that had the appellants been next of kin and heirs presumptive of the wards, the appeal would have been sustained, yet such is the legitimate inference from the language used.

As a statutory explanation, bearing upon this question, reference may be had to § 33, c. 112, R. S., which provides, that "all those who are next of kin, and heirs apparent or presumptive of the ward, shall be considered as interested in the estate, and may appear, as such, and answer to the petition of any guardian or other person for the sale of his estate; and when personal notice is required to be given they shall be notified as such."

It is contended, that if persons next of kin and heirs apparent or presumptive may thus appear as parties, it is only when the property rights of the wards are the subject of adjudication, and by which their pecuniary interests may be directly affected.

The pecuniary interests of such persons may be as seriously affected by the appointment of an unsuitable person for guardian, as by the settlement of an erroneous account; and the interest of the ward is still more deeply affected, as the guardian not only has the care and management of his estate, but the tuition and custody of his person. The paramount object of the law, is the protection of the minor. To accomplish that object, it authorizes the interposition in his behalf of such persons as have interests in common with him and whose relations to him are such as to raise

the presumption of a feeling of natural affection for him and a desire to promote his welfare.

We are therefore of the opinion, that the appellant is within the purview of this statute, and that the appeal was properly taken and allowed. To adopt the construction contended for by the appellee, would seem to be, to determine that an appeal cannot be had in this class of cases by excluding all persons from the right to appeal.

In an appeal from a decree of the Judge of Probate the appellant is restricted to such matters as are specified in the reason for the appeal. *Mathes* v. *Bennet*, 1 Foster, (N. H.) 188; *Hatch* v. *Purcell*, Ib. 544; *Hughes* v. *Decker*, 38 Maine, 158.

It is further contended, that in case the appeal should be sustained, the decree of the Judge of Probate should be affirmed, because the evidence adduced before the Judge who tried the appeal, shows that the guardian appointed was a more suitable person for that trust, than the appellant.

The case comes before us on exceptions, under the provisions of statute of 1852, c. 246, § 13. All questions of fact, were finally settled by the Judge who tried the case. We can only determine whether the questions of law, decided by him, and presented by the exceptions, were correctly decided.

When there is no legal disqualification, to determine whether a person appointed as guardian is a suitable person to discharge that trust, is a question of fact, and not of law.

It may not be improper to remark, that appeals taken upon questions addressed solely to the discretion of the Judge of Probate, especially in cases of this kind, should not be encouraged; and that decrees of those Judges should only be reversed when it is made clearly to appear that an improper decision has been made and injustice been done.

Judges of Probate are selected not only with reference to their legal qualifications, but their sound discretion also, and they usually possess as great facilities, to say the least,

to enable them to determine correctly matters of discretion, of this kind, as can be presented to the Supreme Court.

Finding no errors in matter of law, as the case is presented, and not being authorized to reëxamine the questions of fact involved, and which have been so fully argued, nothing remains for us but to affirm the decree of the Judge who tried the appeal, and remand the case to the Judge of Probate for further proceedings in obedience to that decree.     *Exceptions overruled. Decree of the Judge who tried the appeal affirmed. Case remanded to Judge of Probate for further proceedings.*