WILLIAM A. BASSETT *vs.* DANIEL GRANGER, administrator.
SAME *vs.* SAME, executor.

Under the wills of A. and B. income of their estates was payable to C. during her life. D., as executor of both wills, settled in the probate court, before C.'s death, accounts indorsed with her written approval. C. died, leaving a will of which D. and E. were joint executors. From the allowance by the probate court of an account which they rendered as such, F., a residuary legatee under the will, appealed, on the ground that there was income of the estates of A. and B. which fell due to C. and was not accounted for. After a hearing and dismissal of that appeal by this court, F. petitioned the probate court to reopen said accounts settled by D. as executor of the wills of A. and B., for revision and

correction as to said income, and to require D. to account further for any amount of said income which fell due to C. between the dates of those accounts and her death ; but the probate court decreed that the petition be dismissed. *Held,* that, even if F. had such an interest in the estates of A. and B. as to entitle him to appeal from this decree, yet, as between F. and D., in the absence of any fraud or mistake, C.'s approval of the accounts was conclusive as to income due to her from the estates of A. and B. before the dates of the accounts, and the judgment on the former appeal was in like manner conclusive as to any such income due after said dates.

APPEALS by Bassett as one of the twenty-eight residuary legatees under Nancy Horton's will (see 100 Mass. 348) from decrees of the probate court dismissing petitions filed by the appellant in May 1868, praying that accounts of Granger, as administrator *de bonis non,* with the will annexed, of the estate of James Horton, and as executor of the will of William Horton, rendered August 2, 1864, and settled and allowed in said court, might be reopened for revision and correction, and Granger be required to account further for the final settlement of the estates of said James and William, the petitioner alleging that income thereof, which accrued after Granger assumed his said trusts and became due to Nancy Horton under the terms of their said wills, was not duly accounted for by him.

At a hearing before *Wells,* J., the judge overruled an objection made by Granger that the petitioner had no such interest in the estates of James Horton and William Horton as to be entitled to take an appeal; and it appeared that James Horton, who was Nancy Horton's husband, died March 4, 1861, leaving a will of which William Horton, their son, was executor; that William Horton, as such executor, rendered one account April 14, 1862, and died October 29, 1863, still holding the trust; that on November 10, 1863, Granger was appointed administrator *de bonis non,* with the will annexed, of James Horton's estate, and executor of William Horton's will, and rendered accounts in each capacity, on August 2, 1864, approved in writing indorsed thereon by Nancy Horton, which were the accounts sought to be reopened ; that by the respective wills of said James and William a portion of the income of their several estates was given to Nancy Horton ; that Nancy Horton died January 18, 1865, leaving a will of which Granger and John Balch were executors; and

that Granger and Balch, as such executors, rendered an account in July 1866, from the allowance of which the petitioner appealed, and his appeal was heard and determined by the affirmance of the decree for the allowance of the account, all as reported 98 Mass. 462, which report was made part of this case.

The judge ruled " that, as to so much of the income of the two estates [viz. of James Horton and William Horton] as accrued after the accounts rendered August 2, 1864, the hearing and determination of the matter, as shown in the report of the case referred to, was final and conclusive between these parties; and, as to so much of the income as became due to Nancy Horton before those accounts were rendered, her assent to the accounts and their allowance in the probate court, in the absence of evidence to show fraud or that she was in any manner misled into so giving her assent and approval was so far conclusive that this petitioner was not entitled to maintain his petitions;" ordered the dismissal of the appeals, from which order the petitioner appealed; and reported the case to the full court.

At a subsequent hearing, before the same justice, the case was reopened to permit the petitioner to introduce evidence with a view to prove " that Nancy Horton's signature, approving the accounts, was affixed thereto without knowledge of their character and effect, and through misrepresentation or misapprehension;" on the whole of which evidence the judge " held that there was nothing to invalidate or limit the effect of Nancy Horton's release referred to in the case reported 98 Mass. 462, or of her writing of approval indorsed upon said accounts." The petitioner again appealed; and the evidence, rulings and findings at this second hearing were submitted to the full court in a supplemental report.

*C. Lamson,* for the appellant.

*C. Kimball,* for the appellee.

GRAY, J.   Assuming that the appellant, as one of the residuary legatees of Nancy Horton, had such an interest in the estates of her husband and brother as to entitle him to apply to the probate court to compel an account by the appellee, as administrator with the will annexed of the estate of the one, and executor

the will of the other, for income bequeathed by them to her; and to appeal from the decree of the judge of probate dismissing such an application; the appellant fails to show any ground for requiring the appellee, in either capacity, to render any further account of such income. So much of that income as accrued before August 2, 1864, is clearly shown, by the facts proved at the hearing of this case, to have been settled for in accounts rendered by him in both capacities at that date, made up according to her directions, and upon a principle knowingly approved by her in a release under her hand and seal, and allowed by the probate court with her written assent, and without fraud or mistake. The alleged failure to account for any items of income accruing since that date has already been tried and adjudged against this appellant upon an appeal taken by him from the allowance by the probate court of the account of the appellee and John Balch as executors of the will of Nancy Horton. *Granger* v. *Bassett*, 98 Mass. 462. The adjudications that the appellee as such executor had not failed to account for any part of the income accruing during that time to Mrs. Horton from the estates of her husband and brother necessarily involved a finding that he had not unjustifiably failed to pay her any part of that income according to his trust and duty in settling those estates; for if he had failed in that duty as representative of either of those estates, it would have been his duty, acting with his coexecutor of the will of Mrs. Horton, to see that the deficiency was paid up, and he would have been liable as such executor accordingly. No evidence has been introduced that any alleged item of such deficiency was through mistake or fraud omitted to be suggested or passed upon in the former case.

*Decrees affirmed.*