MARY CUMMINGS *vs.* PETER CUMMINGS, administrator.

Berkshire. Sept. 12. — Oct. 18, 1877. ENDICOTT & LORD, JJ., absent.

Where the same person is guardian of an insane person and, after his death, the administrator of his estate, the widow and children of the deceased may contest the guardian's account in the Probate Court, and, if dissatisfied with its decree, appeal therefrom; but if no such appeal is taken from a decree of the Probate Court allowing his account and determining that certain notes were the guardian's private property, the matter is *res adjudicata* as between them and him, and cannot afterwards be reopened between the same persons upon their objections to his account as administrator, although only part of the notes had been collected by the guardian at the time of the settlement of his final account as such.

APPEAL by Mary Cummings from a decree of the Probate Court, allowing the account of Peter Cummings as administrator of the estate of Edward Cummings. Hearing before *Colt*, J., who reported for the consideration of the full court the following case:

On July 16, 1872, Edward Cummings was adjudged by the Probate Court an insane person, on the petition of Peter Cummings, who was duly appointed his guardian. On December 4, 1872, Edward died while under said guardianship, and on January 7, 1873, Peter was duly appointed administrator of his estate. On July 15, 1873, Peter filed in the Probate Court his

first and final account as guardian, and after due notice to all concerned, Mary Cummings, the widow of Edward, and her two children, who were both of full age, appeared personally and by counsel in the Probate Court, and objected to the account, principally because Peter had not charged himself with, nor returned, in the inventory of the property belonging to the estate, three promissory notes, payable to Edward or order, each dated July 20, 1871, one for $400, payable in five years from date, and the other two for $300 each, payable in six and seven years respectively from date.

Peter contended that these notes were not the property of Edward, but were his own property, and that he should not be charged therewith by the Probate Court in the settlement of the account. Peter claimed title to the notes on the ground that Edward, in August, 1871, in consideration of kinship and kindness, gave, indorsed and delivered the notes to him to be his absolute property. Mary Cummings and her two children denied the gift, and, among other things, contended that Edward at the time of the alleged gift, and ever after, was insane, and mentally incompetent to transact business or to dispose of property.

Upon these issues a hearing was had on January 6, 1874, by the Probate Court, and after consideration of the evidence, and the arguments of counsel, the court sustained the alleged gift, declined to charge Peter with the notes or with the proceeds of them, so far as he had collected anything thereupon, allowed his account as the same was originally presented, and entered a decree accordingly. No appeal was taken from this decree. Peter had collected, prior to the filing of his account as guardian, on said notes, as follows: $300 in May, 1872, applied on the $400 note, and $100, being balance of that note, in September, 1872, and interest to May 23, 1872, on all the notes.

On January 7, 1873, Peter was duly appointed administrator of the estate of Edward, and, as such administrator, filed his inventory of the estate of Edward on February 4, 1873; on March 7, 1876, he filed his administrator's account, and on May 2, 1876, all parties interested appearing in court, and a full hearing having been had, and all the arguments of the parties and their counsel having been fully heard, the same was allowed, and a decree entered accordingly

At the hearing in the Probate Court on the administrator's account, Mary and her children objected thereto, because the administrator had not in his inventory nor in his account as administrator charged himself with the said notes nor with the moneys collected thereon, and contended that he should be charged therewith; but the court declined so to charge him. Mary Cummings in due time gave notice of an appeal, and filed reasons therefor substantially as above.

Peter, at the hearing in this court, contended that the matters set out in the reasons of appeal were *res adjudicata*, having been heard and passed on by the Probate Court in the settlement of his account as guardian, from which no appeal was taken, and that the same were not open to be again heard and tried in the settlement of the administrator's account. The judge, however, in order to expedite the settlement of the controversy, heard the parties upon the question as to whether Edward was or was not insane at the time of the alleged gift of the notes, and found that he was in fact at that time insane and incompetent to dispose of the notes.

If the court should be of opinion that the matter of the validity of the gift of the notes was not open to be heard and tried in this case, the same having been heard, tried and adjudicated in the hearing of the guardian's account as hereinbefore stated, then the decree of the Probate Court allowing the account was to be affirmed; otherwise, such decree was to be entered, charging the administrator with a part or the whole of the avails of the notes, as law and justice might require.

*T. P. Pingree,* (*J. M. Barker* with him,) for the appellant.

*M. Wilcox,* (*W. T. Filley* with him,) for the appellee.

GRAY, C. J. At the settlement of a guardian's account in the Probate Court after the death of his ward, it would ordinarily be the duty of the administrator of the estate of the ward to maintain the rights of the next of kin. But in the present case, the same person being administrator and guardian, the widow and children of the ward were the only persons who contested the account of the guardian. They clearly had such an interest in the estate of the ward as to be entitled to contest the guardian's account in the Probate Court, and, if dissatisfied with its decree in the matter, to appeal therefrom. Gen. Sts. *c.* 117, § 8.

*Penniman* v. *French*, 2 Mass. 140. *Boynton* v. *Dyer*, 18 Pick. 1. *Farrar* v. *Parker*, 3 Allen, 556, 558.

The decree of the Probate Court in that controversy between them and the guardian, by which it was determined that the notes in question were his private property, not having been appealed from, was a conclusive adjudication of that fact as between them and him, and could not afterwards be reopened between the same persons upon their objections to his account as administrator, either in the Probate Court, or in this court on appeal from the decree of that court upon the administrator's account.

Although only part of the notes had been collected by the guardian at the time of the settlement of his final account as such, the question whether the notes were his own property was necessarily involved, and was then tried and determined, and the fact so determined was *res adjudicata* in a subsequent litigation between the same persons as to sums afterwards collected by him upon the same notes. *Merriam* v. *Whittemore*, 5 Gray, 316. *Black River Savings Bank* v. *Edwards*, 10 Gray, 387. *Burlen* v. *Shannon*, 99 Mass. 200.

*Decree of Probate Court affirmed.*