PETER CUMMINGS *vs.* MARY CUMMINGS & another.

Berkshire.    Sept. 9, 1879. — June 24, 1880.    ENDICOTT & LORD, JJ., absent.

On a petition to the Probate Court to have the final account of a guardian re-
opened, it appeared that the matter in controversy was tried and determined
by that court after hearing the same parties at the allowance of the account,
which was more than two years before the application to reopen it, from which
no appeal was taken; and that the balance of that account was the basis of
the inventory filed by the guardian as administrator of his ward, and of his
account as administrator, which was allowed by the Probate Court and by
this court on an appeal taken by the present petitioner. *Held,* that, under
these circumstances, the Probate Court was not authorized to reopen the
account, upon the mere ground that its decision of a question of fact, fully
heard and determined at the hearing upon the allowance of the account, was
erroneous.

APPEAL by Peter Cummings from a decree of the Probate
Court, allowing the petition of the appellees to have the account
of the appellant, as guardian of Edward Cummings, an insane
person, reopened.    Hearing before *Soule,* J., who reported the
case for the determination of the full court, in substance as
follows :

On July 16, 1872, the appellant was appointed guardian of
Edward Cummings, who was on that day adjudged by the Pro-
bate Court to be insane, and the guardianship continued until
the death of Edward, on December 4, 1872.    On January 7,
1873, the appellant was appointed administrator of the estate of
Edward, and duly qualified as such.    On February 4, 1873, he
filed an inventory of said estate as administrator.    On July 15,
1873, he filed his final account as guardian of Edward, which
was allowed by the Probate Court on January 6, 1874, after a
hearing at which the appellees opposed the allowance, because
three promissory notes, amounting to the sum of $1000, which
had formerly belonged to Edward, and which had come into the
hands of the appellant and had been in part collected by him,
were not accounted for by him in his account.    The appellant
contended that they had been given to him by Edward before
he became insane, in consideration of kinship and affection; and
the appellees contended that the gift was void because made
after Edward became insane.    The Probate Court decided that
the gift was a valid one, and allowed the account as filed; and

from this decree no appeal was taken. Neither the notes nor the proceeds thereof were included in the inventory filed by the appellant as administrator. On March 7, 1876, the appellant filed his account as administrator, in which neither the notes nor the proceeds thereof appeared, showing a balance due him from the estate. This account was allowed by the Probate Court on May 2, 1876, and an appeal was taken, the report of which appears in 123 Mass. 270.

The appellees admitted that there was no error in any of the items of the guardian's account which they seek to have reopened; and that the only purpose of their petition was to have the decree allowing that account annulled, and the question of allowance reopened and reheard, in order that the question of the sanity of Edward, when he gave the notes to the appellant, might be reheard.

The judge ruled that the Probate Court had no authority to annul the decree allowing the account, and reopen the matter for a rehearing of the questions passed on when the account was allowed. If the ruling was correct, the decree of the Probate Court was to be reversed; otherwise, to be affirmed.

*J. Tatlock,* for the appellees, cited *Stetson* v. *Bass,* 9 Pick. 27; *Waters* v. *Stickney,* 12 Allen, 1; Exodus xxii. 22–24; Deut. xxiv. 17, and xxvii. 19; Psalm lxviii. 5; Mark x. 7, 8.

*M. Wilcox & W. T. Filley,* for the appellant.

GRAY, C. J. A decree of the Probate Court, allowing the account of an executor, administrator or guardian, may doubtless be opened and revised by that court, on application seasonably made, and upon proof of fraud, or of manifest mistake of the parties. *Stetson* v. *Bass,* 9 Pick. 27. *Field* v. *Hitchcock,* 14 Pick. 405. *Davis* v. *Cowdin,* 20 Pick. 510. *Waters* v. *Stickney,* 12 Allen, 1, 11. And it is provided by statute that an account settled in the absence of any person adversely interested, and without notice to him, may be opened on his application within six months afterwards; and that any mistake or error in a former account of an executor or administrator, and even, by leave of court, in a matter actually contested and determined, may be corrected at the hearing upon any subsequent account of his before the estate is finally settled. Gen. Sts. *c.* 98, § 12. *Granger* v. *Bassett,* 98 Mass. 462.

But neither statute nor precedent warrants the reopening of the appellant's guardianship account in the present case.　There is no evidence that the parties have been influenced by fraud, or by any mistake of fact.　The very matter now sought to be contested anew was tried and determined, after hearing these same parties, at the allowance of the final account of the guardian.　That account was allowed by the Probate Court more than two years before the application to reopen it.　The balance of the account so allowed was the basis of the inventory filed by the appellant as administrator of his ward, and of his account as such administrator, which was allowed by the Probate Court, and by this court on an appeal taken by these appellees.　*Cummings* v. *Cummings*, 123 Mass. 270.　Under these circumstances, the Probate Court was not authorized to reopen the final account of the guardianship upon the mere ground that its decision of a question of fact, fully heard and determined at the hearing upon the allowance of that account, was erroneous.　*Bassett* v. *Granger*, 103 Mass. 177.　　　　*Decree of Probate Court reversed.*