MARY F. PARKER *vs.* BOSTON SAFE DEPOSIT AND TRUST
COMPANY, trustee.

Middlesex.   February 25, 1904. — September 8, 1904.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & BRALEY, JJ.

*Probate Court.   Trust,* Accounts of trustee.   *Words,* "Notice."

Under Pub. Sts. c. 144, § 9, accounts of a trustee settled in the absence of a person
adversely interested and without actual notice to him, where there has been no
hearing, may be reopened on the application of such person at the settlement
of any subsequent account of the trustee.   Section 14 of the same chapter,
making a decree allowing the account of a trustee or guardian conclusive ex-
cept in cases of fraudulent concealment or fraudulent misrepresentation on the
part of the accountant, relates only to final accounts.

LATHROP, J.   This is a petition, filed November 19, 1902, in
the Probate Court, by a *cestui que trust* for life under a will, to
open the first six accounts of the trustee, for the purpose of
charging the trustee for an investment made February 24, 1888,
in a mortgage of land in Minneapolis in the State of Minnesota,
to the amount of $3,500.   By a decree of the Probate Court the
first six accounts were allowed to be opened " as to all items
which relate to the investment by the trustee in a mortgage of
real estate in Minneapolis, in the State of Minnesota, by Abbie
E. Gilmore, and to matters connected with such investment and
mortgage."   From this decree the trustee appealed to this court.
The case was heard before a single justice, who has reported for
our consideration a single question of law, namely the right of
the Probate Court to reopen the accounts.

It is obvious, at the outset, that the petitioner is not aggrieved
by the first account, as the investment was made between the
filing of the first and second accounts.

The other accounts were allowed on the following dates : the
second account was allowed on September 9, 1890 ; the third,
on March 3, 1891 ; the fourth, on March 22, 1892 ; the fifth, on
April 11, 1893 ; the sixth, on March 27, 1894.   All the accounts
were allowed, after publication but without personal notice to
the life tenant or a hearing.   There are eight later accounts still
unsettled in the Probate Court.

It appears by the report that "the contention made by the trustee was that the Probate Court had no authority to open the accounts because there was no allegation in the petition of fraudulent misrepresentation or fraudulent concealment; that by force of the Pub. Sts. c. 144, § 14, the effect of the decree of the Probate Court allowing the six accounts was conclusive and final against the petitioner who was legally competent and of lawful age at the time, in the absence of fraudulent concealment and fraudulent misrepresentation."

Before considering the meaning of the section relied upon by the respondent it is necessary to go back to the earlier statutes.

The first act on the subject appears in the Rev. Sts. c. 67, § 10. This was adopted by the committee to revise the report of the commissioners. See p. 90 of their report. This section reads as follows : " When an account is settled in the absence of any person adversely interested, and without notice to him, the account may be opened, on the application of such person, at any time within six months thereafter; and upon every settlement of an account by an executor or administrator, all his former accounts may be so far opened, as to correct any mistake or error therein ; excepting that any matter in dispute between two parties, which had been previously heard and determined by the court, shall not be again brought in question by either of the same parties, without leave of the court." This language appears in the Gen. Sts. c. 98, § 12. By the St. of 1870, c. 366, the provision of the Gen. Sts. c. 98, § 12, was made applicable to trustees. The provisions of the General Statutes, so amended, appear in the Pub. Sts. c. 144, § 9.

These statutory provisions were in accordance with the law as it had been administered previously by this court. *Stearns* v. *Stearns*, 1 Pick. 157. *Stetson* v. *Bass*, 9 Pick. 27. *Longley* v. *Hall*, 11 Pick. 120. *Boynton* v. *Dyer*, 18 Pick. 1. *Blake* v. *Pegram*, 101 Mass. 592.

By the St. of 1877, c. 199, § 1, provision was made that upon the filing of any account by a trustee or guardian in the Probate Court, or at any hearing thereon, for the appointment of a guardian, if it appeared to the court that the interest of any person unborn, unascertained or otherwise legally incompetent, was not represented otherwise than by the accountant, the court

might, and upon the request of any person interested should, appoint some competent and disinterested person, to represent his interest in the case. Section 3 of the act was as follows: "The decree of the court having jurisdiction, allowing any account of a trustee or guardian, shall be final and conclusive, against all persons interested who are of lawful age and legally competent, and have had actual notice of the same, unless an appeal therefrom is taken within thirty days thereafter, except in case of any fraudulent concealment by such accountant."

The St. of 1879, c. 161, made the same provision for the appointment of a guardian, and provided in § 3, as follows: "The decree of the court having jurisdiction, allowing any account of a trustee or guardian, shall be final and conclusive against all persons interested and legally competent at the date thereof and against all other persons interested, or who might by possibility be interested, although unborn, unascertained, or otherwise legally incompetent, whose guardian *ad litem* or next friend after having been duly qualified, has assented thereto, or been heard thereon, unless the same is appealed from in the manner, and within the time provided by chapter one hundred and seventeen of the General Statutes, except always in case of fraudulent concealment or fraudulent misrepresentation on the part of the accountant."

Section 4 repealed "All acts and parts of acts inconsistent herewith."

The provisions of the St. of 1879, c. 161, are re-enacted in the Pub. Sts. c. 144, § 14, with some verbal changes. There would be ground for holding that the St. of 1879, repealed the St. of 1877, c. 199, and the Gen. Sts. c. 98, § 12, but the Legislature has in the Pub. Sts. c. 144, §§ 9, 14, re-enacted both the Gen. Sts. c. 98, § 12, and the St. of 1879, c. 161, § 3. The subject matter was again revised by the St. of 1889, c. 466, which goes back to the language of the Pub. Sts. c. 144, § 14, with some slight changes. The St. of 1895, c. 288, § 2, expressly repeals the Pub. Sts. c. 144, §§ 13, 14, and all acts in amendment thereof. Section 1 of this chapter, however, provides for the appointment of a guardian, and proceeds as follows: "And thereupon, the decree upon said account shall have the same effect upon all items thereof as in the case of the allowance of matters in dispute " under the Pub. Sts. c. 144, § 9. The law as it stands to-day is found in the

R. L. c. 150, §§ 17, 22. Section 17 is the same as the Pub. Sts. c. 144, § 9, and § 22 is based upon the St. of 1895, c. 288, but omits the reference to the effect of the decree.

All of the accounts which it is sought to reopen were allowed after the passage of the St. of 1889, c. 466, and before its repeal. But as this statute made no change in the Pub. Sts. c. 144, § 14, so far as the question before us is concerned, we may consider the case upon the Public Statutes. The question then is how to reconcile §§ 9 and 14. We are of opinion that force and effect must be given to both of them, and that they must be construed together. Section 9 is explicit to the point that where there has been no hearing the prior accounts may be reopened, and we must construe the word " notice " as meaning actual notice. Section 14 must be construed to relate to final accounts only.

There are other questions argued by the appellant, but we understand that these are not presented to us by the report.

The decree of the Probate Court must be

*Affirmed.*

*J. E. Farnham,* for the petitioner.
*C. K. Cobb & W. D. Whitmore, Jr.,* for the respondent.