JOSIAH Q. BENNETT & another, trustees, *vs.* LOUISA H. PIERCE.

Suffolk.     January 23, 24, 1905. — May 19, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Trust,* Accounts of trustee.     *Probate Court,* Effect of decree.     *Estoppel.*

If a trustee, holding property under a will for the benefit of a married woman during her life and on her death for the benefit of her minor children, renders an account which is assented to by the beneficiary for life but is contested by the guardian *ad litem* of her minor children, and the Probate Court makes a decree disallowing in the account certain investments made in good faith by the trustee and ordering the trustee to restore to the trust from his own property the amount of the loss on the investments disallowed, although the beneficiary for life might have been found to have accepted the loss for herself by her assent to the account when presented, yet, after the decree disallowing the investments on the objection of the guardian *ad litem,* the account is no longer the one to which the beneficiary for life assented, and she is not estopped from claiming the full amount of interest as well as of principal to which she is entitled by the decree.

APPEAL from a decree made by *Grant,* J., in the Probate Court for the county of Suffolk, charging the trustees under the will of Moses Day, successors in that capacity of Frederick Davis, deceased, and also the executors under the will of Frederick Davis, with interest to be allowed to Louisa H. Pierce, the beneficiary for life of the trust, on the amounts paid to the principal of the trust fund by the trustees under a previous decree of the Probate Court made on January 10, 1901, and confirmed by the decision of this court in *Davis, appellant,* reported in 183 Mass. 499, the amount of interest ordered paid being that charged to the deceased trustee by the decree of January 10, 1901, with legal interest thereon from the date of that decree.

The case came on to be heard before *Morton*, J., who by agreement of the parties reserved it for determination by this court, on the record of the Probate Court and an agreed statement of facts and a supplement thereto.

*J. O. Teele*, (*F. F. Gerry* with him,) for the trustees.

*J. Codman*, for Louisa H. Pierce.

*C. S. Rackemann*, guardian *ad litem*, representing the issue of Mrs. Pierce claiming in remainder.

BRALEY, J.  The discretionary powers given to the trustees under the will of Moses Day to invest and reinvest the trust estate were before this court for consideration in *Davis, appellant*, 183 Mass. 499, 502, where it was held, affirming the decree of the Probate Court, that certain investments in the stock and bonds of the Atchison, Topeka and Santa Fé Railroad Company, made by him as a predecessor in office of the appellants, were unauthorized.  From the record of that case, and the recitals in the claim of appeal in the present case, it is to be assumed that pending his appeal Davis died testate, and that the appellants are the duly appointed executors of his will.  It was there decreed that the loss caused to the principal fund by the depreciation in value of the stocks and bonds must be restored by the trustee out of his own property, with simple interest on the deficiency from the respective dates of purchase.  This decree never has been modified, and still is in full force and effect.  *McCooey* v. *New York, New Haven, & Hartford Railroad*, 182 Mass. 205. R. L. c. 162, § 2.  In obedience to its terms, it became the duty of the present trustees upon their appointment to cause the impairment of the principal to be made good, and the accrued interest which was intended to repair the loss of income to be paid by the executors of the will of the delinquent trustee.

If their failure to act was found to be unjustifiable it was a breach of their trust, and in equity they could be held chargeable with the payment of both.  *Blake* v. *Pegram*, 109 Mass. 541, 552.  *Dodd* v. *Winship*, 144 Mass. 461, 465.

Under a partial compliance with this decree, they presented for allowance the account now before us in which they charge themselves as trustees with an amount received from themselves as executors sufficient to make whole the impairment of the principal.  But they have failed thus far to account for the interest as decreed.

The present appeal is from a decree on their account, which, following the former decree, charged them with the interest then allowed, and with interest on that amount that has since accrued. In justification of their conduct they now contend that the appellee, a daughter of the testator, Joseph Day, and beneficiary for life under the trust, with remainder to her minor children, is estopped from making any lawful demand for what is now by force of the decree to be treated as an asset of the estate. *Kimball* v. *Perkins,* 130 Mass. 141. *Dodd* v. *Winship,* 133 Mass. 359.

Their position is grounded on the fact that as she assented in writing to preceding accounts of the former trustee, or trustees, which showed the purchase of these stocks and bonds, and especially because of such an assent by her to the fourteenth account covered by the first decree, where the trustees asked to be relieved from any loss made by them because of such purchase, she is precluded from asserting any claim for the interest. Whatever may have been shown in the accounts prior to the fourteenth as to these particular investments, it does not appear that she knew anything of their sound value, or that there was any reason which would cause her to look with distrust on the conduct or judgment of the trustees. If she had examined carefully the schedules itemizing the trust property they would not have disclosed that the reinvestments made by exchanging bonds of one series for those of another, but all emanating from the same system of railroads, had resulted in any diminution of the fund.

But when the fourteenth account was presented for her acceptance it appeared for the first time that such a loss had been made, from which the trustees asked to be relieved.

Under this account, when it came before the court, there was no controversy between the appellee and the accountants to be determined, and the decision finally made notwithstanding her assent, that they must make good the loss, was not the adjustment of any dispute between her and them which would require permission from the court before she could reopen the matter upon the settlement of their subsequent accounts. *Cummings* v. *Cummings,* 128 Mass. 532, 534. R. L. c. 150, § 17.

If she had been the only person interested an allowance of

this interlocutory account, in the absence of fraud, mistake or error, might have been treated as final so far as past transactions were involved. *Parker* v. *Boston Safe Deposit & Trust Co.* 186 Mass. 393. St. 1895, c. 288. But upon ascertaining that she had been innocently misled, or intentionally deceived, it would have been open to her on the presentation of succeeding accounts to have brought the matter to the attention of the court, and to have insisted upon a full accounting of the original fund by the trustees. *Wiggin* v. *Swett*, 6 Met. 194, 198. *Blake* v. *Pegram*, 101 Mass. 592, 598. *Foster* v. *Foster*, 134 Mass. 120, 122. *Gale* v. *Nickerson*, 144 Mass. 415, 417. R. L. c. 150, § 17.

It further may be said, that the right to interest was not in existence when the account was presented for her approval, for it might have been determined that the request made by the trustees could have been granted properly. If with a full understanding of the facts it was her purpose originally to relieve the trustees from the consequences of what she may have believed was an innocent mistake, even then it was for the court upon a proper inquiry to determine judicially whether she should be held to such an arrangement, and upon the refusal of the court to grant this relief a new situation immediately developed to the benefit of which she justly has been found entitled.

Besides, it is plain that her assent as life tenant, however formal, could not bind her minor children, who by their guardian *ad litem* rightly contended that the loss of the property must be repaired. For after the death of their mother they were entitled to the income from a fund that should come to them unimpaired by unfaithful administration. *Denholm* v. *McKay*, 148 Mass. 434, 443.

By assenting to the fourteenth account in the form in which it was prepared it could have been found on the face of the papers that for herself she accepted the loss as it appeared. But when under the objection of the guardian *ad litem* this account was disallowed, and the trustees were required to make good the deficiency, then upon such reformation it was no longer the account to which she had given assent. And she was not estopped, if she had been present in person or by counsel, nor is she now barred, from claiming whatever rights she had under this revised account, or the decree which followed thereon.

Briefly, no ingenuity of argument can cloud the legal principle which underlies this case, that the appellee has the absolute right to require the appellants to account for trust funds whether principal or income as ascertained and determined by a court having full jurisdiction of the subject matter and of the parties; or dispose of the fact that they have failed and refused to perform this duty.

It therefore must be held that the decree of January 10, 1901, never having been modified or reversed is conclusive upon them, and that she is not estopped from asserting her right as beneficiary for life to the interest ordered paid by both decrees.

*Decree of the Probate Court affirmed with costs.*