HARRY W. BARRETT & others *vs.* JOHN F. BRIRY & another, executors.

Middlesex.　　March 17, 1926. — May 26, 1926.

Present: CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Decree: revocation; Jurisdiction; Accounts. *Executor and Administrator*, Accounts.

The first account of the executor of a will, which has been allowed without contest and by consent of the interested parties, may be reopened under G. L. c. 206, § 19, as a matter of right, upon the settlement of a subsequent account, to correct mistakes and errors which the same interested parties alleged to exist therein; and a petition by them to revoke the decree allowing the first account is not necessary to safeguard their rights, is not a proper proceeding, and should be dismissed.

The meaning of G. L. c. 206, § 19, is that all items of an earlier account which have not already been contested, may be investigated when a later account is brought before the court.

PETITION, filed in the Probate Court for the county of Middlesex on April 30, 1924, for revocation of a decree entered on April 25, 1916, allowing the first account of the executors of the will of Henry O. Barrett, late of Malden.

The petition was heard by *Leggat,* J. Material facts are stated in the opinion. The petition was dismissed and the petitioners appealed.

*J. Wiggin,* for the petitioners.

*P. G. Bolster,* for the respondents.

CARROLL, J. In this petition to the Probate Court, it is alleged that the petitioners are heirs at law and residuary legatees under the will of Henry O. Barrett, who died in

June, 1914; that John F. Briry and Clarence H. Bell were the executors of Barrett's will; that the inventory shows that the testator was the owner of an interest in five vessels; that the executors collected the dividends, and in April, 1916, their first account was filed and allowed, covering the period from July 1, 1914, to December 31, 1915; that the account included the dividends received to November, 1915, but did not include any further dividends, "and the interests in the vessels were not included in Schedule C of the account"; that the petitioners assented to the account; that in December, 1917, a second account for the period from January 1, 1916, to August 31, 1917, was filed which did not include any dividends received from the interests in the vessels; that this account was objected to by the petitioners and has been referred to an auditor; that at the hearing before the auditor it appeared that the testator's interests in the vessels were sold by the executors to Briry, one of the executors, at the inventory price. The petitioners further allege that the sale was fraudulent, that Bell died in 1922, and that Edward J. Samson was appointed his executor. The petitioners pray that the decree of April 25, 1916, allowing the first account of the executors, be revoked. The petition was dismissed.

The decree of the Probate Court denying the petition was proper. A petition for the revocation of a former decree is not to be sustained under the allegations of the petition. The estate was not finally settled. The second account had not been allowed by the court. The statute, G. L. c. 206, § 19, provides that "Upon the settlement of an account, all former accounts of the same accountant which have not been settled according to section twenty-four . . . may be so far opened as to correct a mistake or error therein; but a matter in dispute, previously heard and determined by the court, shall not without leave of the court be again brought in question by any of the parties to such dispute." It does not appear that the sale of the ships, as alleged in the petition, was disputed when the first account was allowed. The statute means that all items of an earlier account which have not already been contested, may be investigated when a later account is brought before the court. This is settled

by a long line of decisions. *Blake* v. *Pegram,* 101 Mass. 592, 598. *Dickinson, appellant,* 152 Mass. 184. *Brigham* v. *Morgan,* 185 Mass. 27. *Smith* v. *Cotting,* 231 Mass. 42, 44. *Withington* v. *Fidelity & Casualty Co.* 237 Mass. 73, 76. See *Bennett* v. *Pierce,* 188 Mass. 186.

"The authority of courts of probate to correct errors in their decrees on administration accounts, even when in terms final, upon clear proof of fraud or mistake in a point not once actually presented and passed upon, has been repeatedly sustained by this court." *Waters* v. *Stickney,* 12 Allen, 1, 11. The Probate Court could correct any previous error when the subsequent account was before it. It did not require a formal petition. G. L. c. 206, § 19. *Blake* v. *Pegram, supra. Dickinson, appellant, supra,* 189. For the common law bearing on the question, see *Stearns* v. *Stearns,* 1 Pick. 157; *Field* v. *Hitchcock,* 14 Pick. 405. The petitioners had the right to have the first account corrected, if erroneous, without resorting to this petition. The relief which they seek is not necessary for the establishment of their rights.

The petition is not a proper procedure and was dismissed properly.

*Decree affirmed.*