P. JOSEPH McCARTHY, executor, *vs.* CHARLES W. ADAMS, trustee.

Plymouth.   March 6, 1928. — April 4, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Executor and Administrator*, Accounts, Occupancy of real estate by executor.  *Probate Court*, Finding by judge.  *Evidence*, Presumptions and burden of proof.

An executor who, having no present beneficial interest in real estate of which the testator died seised, took charge of and occupied it, was chargeable in his accounts with the rent of such property under G. L. c. 206, § 8.

A will devised real estate to trustees for the benefit of the testator's daughter during her life, and thereafter to the executor if he had not previously married.  The executor occupied the real estate during the daughter's life.  *Held*, that the executor could not be presumed to have occupied the property as devisee or owner.

PETITION, filed in the Probate Court for the county of Plymouth on May 19, 1926, for the allowance of the supplementary account of the executor of the will of Joanna McCarthy, late of Brockton.

The petition was heard by *L. E. Chamberlain*, J.   Material facts reported by the judge under G. L. c. 215, § 11, and a decree entered by his order are described in the opinion. The petitioner and Mary A. McCarthy appealed.

*J. E. Handrahan*, for the petitioner and Mary A. McCarthy.

*H. C. Thorndike*, for the respondent.

SANDERSON, J.   This is an appeal from a decree of the Probate Court ordering that the account of P. Joseph McCarthy, executor of the last will and testament of Joanna McCarthy, be amended so that in Schedule A the accountant

would charge himself, in addition to the items in the account as filed by him, with one half the rental of a tenement on the first floor of the dwelling house occupied by him and also one half the rental which accrued from the garage on the estate. The appellants, P. Joseph McCarthy and Mary A. McCarthy, were named as trustees in the will, but a third person has been appointed and is now acting as trustee in their place.

Under the will the personal property was bequeathed to Mary A. McCarthy, a daughter of the testatrix; and, in the event which has happened, one half of the real estate went to Mary A. McCarthy, and the trustees were required to pay or transfer to Margaret E. McCarthy, another daughter of the testatrix, so much of the net income from the one half of the trust estate then remaining as they might deem advisable and necessary for her comfortable support and maintenance during her life. On the death of Margaret E., the trustees are to pay and transfer to P. Joseph McCarthy, in case he shall not have married prior thereto, all of the trust estate then remaining, and in case he shall have married previously thereto, to pay and transfer such trust estate to Mary A. McCarthy.

The two appellants, with their sister Margaret, occupied the lower floor of the dwelling house in question from October 1, 1920, to September 6, 1921, when Margaret went elsewhere to live as the result of her brother's conduct; the two appellants continued in occupation during the period covered by the account. The accountant took entire charge of the premises as though he were the sole owner. He has paid nothing for his occupancy of the lower floor, but has collected rents from the two upper floors and accounted for them in this probate account. The only question argued is whether the accountant is chargeable with rent of the part of the house occupied by him. No objection is made to the charge for rental of the garage. By virtue of G. L. c. 206, § 8, as the executor occupied and took charge of the property he is chargeable with the income and management. The judge of probate has fixed the amount and his finding of fact is not to be disturbed.

Under the will of Joanna McCarthy, P. Joseph McCarthy was not entitled to go into possession of the property as a devisee or owner. He was not the owner and whether he ever would become owner depended upon a contingency. He therefore cannot be presumed to have occupied as heir or devisee. This fact distinguishes the case at bar from *Almy* v. *Crapo*, 100 Mass. 218, and other cases which have held that an owner of real estate is not chargeable with rent even though he be executor of the will or administrator of the estate of the person from whom he gains title. If he had qualified by giving bond and been appointed trustee he would hold the legal title as such trustee, but such a title would give him no right to a beneficial interest. Having occupied as executor he has the same duty to account which he would have if appointed trustee. *McIntire* v. *Mower*, 204 Mass. 233. *Brown* v. *Brown*, 209 Mass. 388. *Brooks* v. *Jackson*, 125 Mass. 307. We find no error of law in the decree of the Probate Court.

*Decree affirmed.*