WALTER COULSON & others, trustees, *vs.* ALICE E. SEELEY & another.

Essex.     October 6, 1931. — December 28, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction, Reopening of account, Findings by judge. *Trust*, Accounts of trustee, Compensation of trustee. *Res Judicata. Interest.*

A judge of probate, hearing a contested petition by a trustee under a will for the allowance of his seventh to fifteenth accounts, had power under G. L. c. 206, § 19, to reopen, for the correction of alleged errors, the first to sixth accounts of the petitioner which had been assented to by the beneficiary of the trust and had been allowed when filed without a contest or hearing; and there was no error in the disallowance of items in some of the first to sixth accounts whereby the petitioner made unwarranted charges against principal for his services.

Upon appeal by the petitioner from a decree entered after the hearing above described, the evidence was not reported. Under G. L. c. 215, § 11, the judge of probate filed a report of material facts, including findings as to the nature and amount of the property of the trust and the nature and extent of the petitioner's services, that the adminis-

tration of the affairs of the trust was not difficult nor unusual and that a certain sum per year was reasonable compensation for the petitioner's services; and the decree in part disallowed charges against income for services in the seventh to fifteenth accounts in excess of such sum. *Held,* that the findings by the judge of probate must stand and that no error was shown in that part of the decree.

There was no error in the decree above described so far as it charged the petitioner, in schedule D of the fifteenth account, with interest at six per cent on sums disallowed as above stated, from the respective dates on which the charges were made to the end of the accounting period stated in the fifteenth account.

PETITION, filed in the Probate Court for the county of Essex on November 24, 1930, for allowance of the seventh to fifteenth accounts of the petitioners as trustees under the will of Ernest W. Pitman, late of Andover.

Certain beneficiaries of the trust opposed the petition. The case was heard by *Dow,* J. At the request of the respondents the first to sixth accounts were reopened, as described in the opinion. The petitioners appealed from the decree described in the opinion. The judge filed a report of material facts under G. L. c. 215, § 11.

*J. A. Donovan,* (*D. J. Sullivan* with him,) for the petitioners.

*A. X. Dooley,* for the respondents.

CROSBY, J. The appellants are trustees under the will of Ernest W. Pitman, deceased. Two of the beneficiaries under the will are the appellees.

The seventh to the fifteenth accounts, inclusive, of the appellants were presented to the Probate Court for allowance. The appellees objected to certain charges made by the trustees for their services, and to attorneys' fees paid by them. The first to the sixth accounts, which had been assented to by the appellees, were allowed when filed, without hearing. These six accounts, at the request of the appellees, were reopened, and considered by the judge of probate in connection with the hearing upon the allowance of the seventh to the fifteenth accounts, and a decree was entered in which the charges made by the trustees for services in the first, third, fourth, fifth and sixth accounts and charged to principal in the schedules marked B, amount-

ing in all to $1,725, were disallowed; the charges made by the trustees for services in the seventh to the fifteenth accounts, inclusive, in the amended schedules marked E, were allowed only in the amount of $4,500; and the trustees were charged in schedule C of the fifteenth account with the balance of principal of $135,312.60. It was held that the accountants should be charged in schedule D of the fifteenth account with interest at six per cent on the amounts disallowed, from the respective dates on which the charges were made to December 31, 1929, the end of the accounting period stated in the fifteenth account, said interest amounting to $1,772.02, and that as so modified the accounts were to be allowed. The trustees Littlefield and Shaw and the executors of the will of Walter Coulson (he having deceased) appealed from the decree.

At the request of the surviving trustees the judge reported the material facts found by him in accordance with G. L. c. 215, § 11, as follows: The will gave the residue of the estate to the trustees for the benefit of the testator's wife and daughter and for other persons. His wife and daughter are the only beneficiaries who appeared to object to the allowance of the accounts. The trustees were appointed February 20, 1913. Their final account as executors shows that they turned over the trust property to themselves, as trustees, on June 12, 1914. On June 29, 1914, they filed an inventory, as trustees, in which the personal property was valued at $102,797.39, and the real property at $20,000. At the hearing on the accounts, the trustees filed a motion that they be allowed to amend the seventh to the fourteenth accounts by charging the annual amount of $250 for services against income, and that the total of $2,000 for eight years be transferred from income to the principal of the estate. This motion was allowed. The appellees appeared to object to the allowance of the accounts, and requested that the first to the sixth accounts be opened for the purpose of considering the charges above referred to. This request was granted against the objections of the accountants.

It was found by the judge that the trustees "were all competent men of large experience in their respective vo-

cations"; that among the investments of the trust were many real estate mortgages on property at Salisbury Beach which were assigned to the trust by the Salisbury Beach Associates in which organization the trustee Coulson had the principal interest; that no one of the trustees took action in any matter relating to the trust without consulting one or all of the trustees; that they all met five or six times a year, the meetings lasting from fifteen minutes to two or three hours; that there was no evidence tending to show that the administration of the affairs of the trust were difficult or unusual in any way, and that $500 a year was reasonable compensation for the services of the accountants. There is nothing in the record to warrant a finding that any charge for services could properly be made against principal. *Creed* v. *McAleer*, 275 Mass. 353, 358.

The first question which we consider is whether at the hearing held on the allowance of the seventh to the fifteenth accounts, inclusive, the judge had power to reopen the first to the sixth accounts, inclusive, and reconsider the items relating to the accountants' charges for services and payments of attorneys' fees to which the appellees objected on the ground that they were improper and excessive. Although these six accounts were assented to by the appellees, it is found that they were allowed without hearing. It is provided by G. L. c. 206, § 19, in part, that "Upon the settlement of an account, all former accounts of the same accountant which have not been settled according to section twenty-four or corresponding provisions of earlier laws may be so far opened as to correct a mistake or error therein; but a matter in dispute, previously heard and determined by the court, shall not without leave of the court be again brought in question by any of the parties to such dispute."

It is plain that under this statute the judge had power upon the settlement of the accounts filed subsequently to reopen the accounts previously allowed to correct mistakes and errors which the appellees contended existed therein. It does not appear that when the first six accounts were allowed there was any dispute then heard and determined by the court. The statute means that any item of an earlier account

which has not previously been contested may be investigated and considered when a later account is presented to the court for allowance. When the first six accounts were allowed it does not appear that the items now objected to were disputed. They are not therefore *res judicata*. *Blake* v. *Pegram*, 101 Mass. 592, 598–599. *Dickinson, appellant*, 152 Mass. 184. *Barrett* v. *Briry*, 256 Mass. 45, and cases cited.

The provision in the decree that interest at the rate of six per cent should be charged to the accountants on the amounts disallowed was proper. *Bennett* v. *Pierce*, 188 Mass. 186. *State Street Trust Co.* v. *Walker*, 259 Mass. 578, 584.

The trustees were entitled to such compensation for services as the court may allow. G. L. c. 206, § 16.

The finding of the judge that there was no evidence tending to show that the administration of the affairs of the trust was difficult or unusual and that $500 a year was reasonable compensation for the services of the accountants must stand. The evidence is not reported and there is nothing before us to show that the amounts allowed were inadequate or plainly wrong. It follows that the decree must be affirmed.

*Ordered accordingly.*