SAMUEL F. BEARDSLEY, executor, *vs.* NORA B. HALL.

SAMUEL F. BEARDSLEY, trustee, *vs.* SAME.

Barnstable.    April 1, 1935. — June 28, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, LUMMUS, & QUA, JJ.

*Executor and Administrator*, Real estate of decedent, Accounts, Ancillary. *Trust*, Trustee's accounts, Of foreign land.    *Conflict of Laws.*

Neither the domiciliary executor nor the domiciliary trustee under the will of a Massachusetts decedent was entitled to or accountable for rents from leased real estate of the testator located in Connecticut and devised in trust, although the rents under the terms of the lease were paid in Massachusetts; the ancillary representatives of the estate in Connecticut were entitled to the rents and were accountable for them there.

An executor's account was not to be disturbed by this court on appeal because of his transfer without leave of the Probate Court of local assets to himself as ancillary executor in another State, where full accounting was made either here or there and the transfer was ratified here by the allowance of his account and a refusal to revoke the decree allowing it; nor was such account nor his account as trustee under the will to be disturbed though, harmlessly, they contained items of credit which he should have claimed in his accounts in the other State.

PETITIONS, filed in the Probate Court for the county of Barnstable, for the allowance of accounts.

The decrees appealed from were entered by *Campbell*, J.

*J. J. Cox, (M. A. Scanlon* with him,) for the respondent.

*W. E. Waterhouse,* for the petitioners.

CROSBY, J. These cases are appeals by Nora B. Hall, a legatee, devisee and *cestui que trust* under the will of William Dudley Hall, from decrees of the Probate Court for Barnstable County. The first decree appealed from dismissed a petition to revoke two earlier decrees which allowed respectively the first account, and the second and final account of Samuel F. Beardsley, as domiciliary executor. The other decrees appealed from allowed the first and second accounts of Samuel F. Beardsley as trustee under the will. The issues, although not identical, are closely related and may properly be discussed together.

There was little dispute respecting the facts. The testator was domiciled in Massachusetts and owned real estate in Connecticut. The other property consisted of real estate and personal property in Massachusetts. Samuel F. Beardsley was duly appointed executor in Massachusetts, and also ancillary executor in Connecticut. By the fourth provision of the will the residue of the estate, which included the Connecticut realty, was devised to Samuel F. Beardsley in trust for certain purposes, first to pay the net income to the testator's widow, the appellant, for life. Mr. Beardsley duly qualified as trustee in Massachusetts and also in Connecticut. The Connecticut real estate had been leased before the testator's death for a long term at a rental of $2,000 a month, and by the provisions of the lease payment of the rent is to be made by mailing a check or draft for the particular amount to the State Street Trust Company of Boston. The rent in each instance has been paid in this manner. Those instalments of rent accruing subsequently to the testator's death, amounting to $57,142.86, have not appeared in the Massachusetts inventory, executor's accounts or trustee's accounts, as the appellee admits. The rent instalments were deposited in the bank to the credit of the "Estate of William Dudley Hall." Mr. Beardsley kept his funds, both as Massachusetts domiciliary executor and as Connecticut ancillary executor, all in one account and drew indiscriminately for both purposes.

The appellant concedes that there has been no misappropriation of any money by Mr. Beardsley and admits that all funds due her under the trust have been paid in full and that they have been included in an accounting in either Connecticut or Massachusetts. Her objection is that the appellee has not accounted for the Connecticut rents in the proper court, either as executor or as trustee. The Probate Court so understood the issues. She desires to revoke the decrees allowing the executor's accounts and seeks to reverse the decrees allowing the trustee's accounts because the appellee, as Massachusetts executor and trustee, has omitted to account for the Connecticut rents paid in to a Boston bank and credited to an account in which he indiscriminately kept money as Massachusetts executor and as Connecticut executor.

A Probate Court may revoke its final decrees on administration accounts to correct errors due to mistake or fraud. *Stetson* v. *Bass,* 9 Pick. 27, 30. *Waters* v. *Stickney,* 12 Allen, 1, 11. *Goss* v. *Donnell,* 263 Mass. 521, 523. *Hilton* v. *Hopkins,* 275 Mass. 59, 63. This matter rests largely in the discretion of the Probate Court. *Thompson* v. *De Visser,* 219 Mass. 40, 43. *Davis* v. *Cowdin,* 20 Pick. 510. See *Rowell* v. *Milliken,* 266 Mass. 448, 453. But an appeal may be taken from the action of the court on such a petition. *Tucker* v. *Fisk,* 154 Mass. 574.

No reason appears for disturbing the executor's accounts. It is conceded by the appellant that all assets are fully accounted for although perhaps in the wrong jurisdiction, and all money due her has been fully paid. The objection becomes a purely technical one involving no substantial harm, past or prospective. See *Bradbury* v. *Wells,* 138 Iowa, 673, 682. It is a case of mere irregularity of procedure, if anything. See also *Springfield National Bank of Springfield* v. *Couse,* 288 Mass. 262.

The trust, however, is a continuing affair, and for that reason it is essential to determine where the income from the Connecticut realty shall be accounted for in order to control the future course of the trust, although here too all income to date has been paid in full to the beneficiary, the

present appellant.  The appellant argues that to permit the
executor's accounts to stand in their present form indirectly
gives effect to the appellee's theory of the trust situation,
and asserts that such a course will utterly confuse the admin-
istration of the trust that is to follow.  · Added expense from
administering two trusts instead of one is the objection.  No
prejudice to the appellant is mentioned in the brief except
the bare legal right to have the trust administered in the
proper jurisdiction.

An executor ordinarily has no right to rents of real estate
which accrue after the testator's death.  Such rents belong
to the heirs or devisees of the real estate as an incident of
the reversion.  *Gibson* v. *Farley*, 16 Mass. 280, 285.  *Boyn-
ton* v. *Peterborough & Shirley Railroad*, 4 Cush. 467, 469.
*Towle* v. *Swasey*, 106 Mass. 100, 107.  *Brooks* v. *Jackson*,
125 Mass. 307, 309.  But if an executor does occupy or col-
lect rents he is required by statute to account for them to
those entitled to the rents, namely, the heirs or devisees.
G. L. (Ter. Ed.) c. 206, § 8.  *Stearns* v. *Stearns*, 1 Pick. 157.
*Choate* v. *Arrington*, 116 Mass. 552, 557, 558.  *Koutoudakis*
v. *Great American Indemnity Co.* 285 Mass. 466, 469.  If,
however, the executor is also heir or devisee, it will be pre-
sumed that he occupied as such and he need not account.
*Palmer* v. *Palmer*, 13 Gray, 326.  *Brooks* v. *Jackson*, 125
Mass. 307.  Compare *McCarthy* v. *Adams*, 263 Mass. 300,
302.  This presumption is not conclusive but is rebuttable.
*Brigham* v. *Elwell*, 145 Mass. 520, 522.  See cases cited in
40 L. R. A. 329–331.

As to real estate located in another State, it is plain that
the executor has no interest in it or the rents and profits
from it.  See *Tod* v. *Mitchell*, 228 Mass. 541, 544.  Lands
descended in another State are not assets in this Common-
wealth for the purpose of charging an heir with debts of
the estate.  *Austin* v. *Gage*, 9 Mass. 395.  If the executor
here does receive rents accruing after the testator's death
from real estate located in another State he need not account
for them here unless by virtue of the statute.  It was held
in *Morrill* v. *Morrill*, 1 Allen, 132, that an executor is not
chargeable in Massachusetts with moneys received for rents

of real estate in New Hampshire of which he was devisee in trust. But in *Dickson* v. *United States*, 125 Mass. 311, 316, where the executors with consent of all parties managed real estate partly in this Commonwealth and partly in another State, and collected rents therefrom, it was held that they were obliged, under the laws of this Commonwealth, to account in its courts for all the rents so received. In *Kennedy* v. *Hodges*, 215 Mass. 112, 113, 116, the rents had accrued and were payable prior to the testator's death and so belonged to his estate. If it be assumed, but without decision, that the executor would be required to account here for rents from foreign real estate actually received by him in this jurisdiction, it is not necessary on the record to hold in this case that the Connecticut rents were paid to the Massachusetts executor. The rents belonged to the devisee of the Connecticut realty, and since there was no specific devise, it appears that the Connecticut executor was first to take such rents and then to turn them over to the devisee as trustee. By statute in Connecticut (Gen. Sts. [1930] § 4956) the executor took custody of real as well as personal property. The facts of the case are as consistent with the theory that the Connecticut executor received the rents in Massachusetts as that the Massachusetts executor did. The appellee's testimony shows that such was the intent of his conduct, and he also testified that the account into which the rent was paid contained moneys belonging to each, the domiciliary and the ancillary executors. The account itself does not render this impossible by its designation. But even if the designation of the bank account is inconsistent, the appellee is not estopped from showing in what capacity the money was received. See *Newcomb* v. *Stebbins*, 9 Met. 540, 546.

It may be, as the appellant argues, the Connecticut executor as such would have been powerless to use the courts in Massachusetts. But money owing to him as Connecticut executor and voluntarily paid to him here could be retained. *Morrison* v. *Hass*, 229 Mass. 514, 518. *Morrison* v. *Berkshire Loan & Trust Co.* 229 Mass. 519, 520. The rent moneys were not assets of the testator's personal estate and the

Massachusetts executor would have had no right to them without the consent of the devisee or Connecticut executor. On the other hand, by virtue of the law of Connecticut, the Connecticut executor was entitled to them not as personalty of the testator's estate but by virtue of control of the realty, title to which had vested in the devisee. See *Remington* v. *American Bible Society*, 44 Conn. 512, 517, 518. It is to be presumed that the rents paid into the Boston bank therefore were paid to the account of one entitled to them and not otherwise. What procedure could be used within this Commonwealth by the Connecticut executor to enforce his right to the rents need not be discussed. The Massachusetts executor as such could not by his own appointment acquire rights with regard to the foreign realty. The Connecticut executor was the one first entitled to the rents regardless of the question whether they were next to go to a trustee required to account in Connecticut, or in Massachusetts. No error appears, therefore, in the omission of the Connecticut rents from the Massachusetts executor's accounts.

The proposition of the appellant, that because the item under dispute was money which came into this Commonwealth it was personalty belonging to the estate and to the Massachusetts executor in consequence, cannot be sustained. On the contrary, that money belonged to the devisee. It is in the form of personalty and is in this jurisdiction, but that alone cannot give the local executor any right to it unless, further, it is a part of the testator's personal assets, which does not appear.

The appellant argues that the Connecticut statute is inapplicable because there was a specific devise. The testimony of Mr. Beardsley to the contrary impliedly indicates that a residuary devise is not a specific devise. This contention of the appellant cannot be sustained. See *Hewitt* v. *Beattie*, 106 Conn. 602, 611.

The other objections to the executor's accounts were that certain local assets were transferred by the domiciliary executor to the ancillary executor without license or order of the court. As previously stated, no loss is alleged to have resulted and a full accounting has been made somewhere.

Moreover the transfers, although not authorized in advance
by the court, have twice been ratified by the allowance of
the accounts and by the refusal to revoke the decrees, and
the same is true as to the credit of the Connecticut expenses
on the Massachusetts accounts. We are of opinion that the
decree dismissing the petition to revoke the decrees allow-
ing the executor's accounts should be affirmed.

In consideration of the appeal from the decrees allowing
the trustee's accounts, the issue is presented in which the
appellant's dominant interest lies, namely, where the ac-
counting is to be made for the rents of the Connecticut real
estate, past and future, under the testamentary trust. The
appellant presents the contention that there is only one
trust created, and for that reason only one trustee and but
one court having jurisdiction of the administration of the
trust property — the court which appointed the trustee in
Massachusetts, the domiciliary jurisdiction. It is mislead-
ing to consider the issue as thus presented. The conception
of the trust as a single thing created by the will of the domicil,
if useful in some connections (see Story, Conflict of Laws,
pages 766–768), has no application to a testamentary trust
of real estate located in different States. The cases cited by
the appellant have to do with trusts of personalty. Admin-
istration of trusts of realty depends on different rules. "The
administration of a trust of land is governed by the law of
the state where the land is and can be supervised by the
courts of that state only." Am. Law Inst. Restatement:
Conflict of Laws, § 243. In exceptional cases where another
State has personal jurisdiction over the trustee it may give
an *in personam* decree against him. Am. Law Inst. Restate-
ment: Conflict of Laws, § 243. In this connection see
*Greenough* v. *Osgood*, 235 Mass. 235, 238; *Harrison* v. *Com-
missioner of Corporations & Taxation*, 272 Mass. 422, 427.

The rent of the real estate in Connecticut is to be ac-
counted for in that jurisdiction by the trustee appointed there.
In *Lincoln* v. *Perry*, 149 Mass. 368, a testator, domiciled
in Massachusetts, devised, in trust, property including real
estate in New Hampshire. The plaintiff was appointed trustee
under the will in this Commonwealth to administer the trust

created by the first, second and fifth clauses, the last of which included personal property in Massachusetts and the land in New Hampshire. He was also appointed trustee under the will in New Hampshire to deal with the real estate there. The inventory filed in this Commonwealth included only the personalty. By order of the New Hampshire court the real estate was sold and the plaintiff held the proceeds of the sale. The opinion states at page 373: "These questions . . . relate only to the disposition which the trustee [in Massachusetts] is to make of the personal estate given by the residuary devise [fifth clause]. There was no real estate in Massachusetts which was included in the residuary devise. The plaintiff, having been appointed trustee in New Hampshire for the purpose of selling the land there situated, and having made sale of it accordingly, will account for his disposition of the proceeds of such sale in the courts of that State." In the case at bar the fact that the rent was payable in Massachusetts does not make any change of the person entitled to it. It belonged to the executor in Connecticut and then to the trustee in Connecticut. The testimony shows that it was the intention of Mr. Beardsley to take it as Connecticut executor, as has been considered above, and to pay it to the Connecticut trustee. There is no reason to consider that the rents were ever in the possession of the Massachusetts trustee, who would not be entitled to retain or administer them. As to future rents, the lessee may pay them directly to the trustee where the land lies, voluntarily or otherwise, and they will be accounted for there, or the future rents may be paid into the Boston bank to the account of the legal owner, the Connecticut trustee. If the bank should refuse to pay them over to him so that court action became necessary, ancillary proceeding with respect to these particular items of property might be necessary. *Curtis* v. *Smith*, 6 Blatchf. C. C. 537, 549. But the Massachusetts trustee of the other property would have no right to these, and any future accounting in this Commonwealth with regard to these rents must be made only by such new trustee of these special items.

With respect to the withdrawal of $1,500 from the bank

account for compensation of the appellee as Connecticut trustee, assuming this fee should have come from the Connecticut trust property, yet it does not appear otherwise here. The rent moneys constituting Connecticut trust funds were placed in the same account from which the $1,500 was drawn. The testimony was that the $1,500 came out of the rent money. If other funds were improperly mingled in the same account, no harm resulted. The item of $85.70 credited in the trustee's account "in connection with filing and acceptance of inventory of trust fund in Connecticut" was not properly allowed in the account. However, the trust property finally reached the beneficiary although by the wrong channels and no harm has resulted.

The rule referred to by the appellant to the effect that an executor who is also trustee cannot be considered to hold any of the property in the latter capacity until he has settled his accounts as executor, is correctly stated, but it is inapplicable to property such as realty or its profits to which the executor was never entitled. Any error as to other property is immaterial here since no rights appear to have been prejudiced.

No discussion of the evidence objected to is necessary, for, regardless of whether the copies of Connecticut accounts were properly admitted, the testimony covers the same ground, and the appellant admits that all sums have been accounted for somewhere.

The decrees should be affirmed.

*Ordered accordingly.*