CHARLES DAVISON & others vs. HENRY A. WYMAN & another, executors, & another.

Suffolk.    January 20, 1913. — February 27, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction*, Remedy in Probate Court, Resulting trust.    *Trust*, Validity, Resulting.    *Devise and Legacy*, Validity.

In a suit in equity by the next of kin of a testatrix, against the persons named as executors and trustees in her will and also made her residuary legatees, to establish a resulting trust in favor of the plaintiffs in a certain sum of money held by the defendants as residuary legatees on the ground that they claim it under an attempted trust which is bad for indefiniteness, it is immaterial whether the defendants have or have not settled their accounts in the Probate Court or whether the plaintiffs can enforce their rights against the defendants as executors or trustees by asking for an accounting in that court, as the suit is brought against them solely as residuary legatees.

A testatrix by her will gave the residue of her estate to the persons named by her as executors and trustees "in trust," and directed that, if she left no children, they should pay certain amounts as legacies, that, after the payment of such legacies they should pay the remaining residue of her estate, but not exceeding $15,000 in all, to a certain hospital, and then provided as follows: "Any surplus of my estate remaining after the payment of said fifteen thousand dollars to said . . . hospital shall be disposed of by my executors (and trustees), at their absolute discretion and according to their own judgment." The testatrix died leaving no issue, and there was a surplus of the residue of her estate after the payment of $15,000 to the hospital designated.   *Held*, that the will showed an intention of the testatrix to give the surplus of the residue to the persons named as executors and trustees, not for their own benefit, but to distribute to others, that the attempted trust was too indefinite to be carried out, and that therefore a resulting trust arose for the benefit of the next of kin of the testator.

BILL IN EQUITY, filed in the Supreme Judicial Court on April 10, 1912, by the next of kin of Nancy E. Rust, late of Boston, against the executors of the will of William A. Rust and the administrator of the estate of Alexander F. Wadsworth, the said Rust and Wadsworth having been the executors of and the trustees under the will of Nancy E. Rust and the residuary legatees under the seventh clause of that will, the material provisions of which are quoted and described in the opinion.   The relief sought was that the defendants might be ordered to account to the plaintiffs for the

sum of $25,000, alleged to be held by the defendants upon a resulting trust for the benefit of the plaintiffs.

The defendants demurred to the bill, assigning as causes of demurrer want of equity and that the plaintiffs had an adequate remedy at law.

The case came on to be heard upon the bill and demurrers before *Morton, J.*, who, being of opinion that the questions raised by the demurrers so affected the merits of the controversy that the matter ought, before further proceedings, to be determined by the full court, reported the questions raised by the demurrers for such determination. If the demurrers were overruled, the case was to stand for hearing on its merits; if the demurrers were sustained, the bill was to be dismissed, unless the plaintiffs desired to amend it, if it could be amended so as to be maintained.

*P. Nichols & J. B. Studley*, for the plaintiffs.

*C. Almy*, (*H. M. Spelman* with him,) for the defendants.

SHELDON, J. The bill is not brought against the executors of the will of Mrs. Rust or the trustees under that will or against their personal representatives, and the cause of action which it sets out is not one that pertains to the settlement of their accounts as such executors or trustees. It is brought against the representatives of Rust and Wadsworth on the ground that they (Rust and Wadsworth) have as residuary legatees under the will of Mrs. Rust received some $25,000, and that they received this sum really in trust for the use and benefit of the plaintiffs. It is immaterial that these alleged residuary legatees happened also to be the executors and trustees nominated in the will; the suit is against the representatives of the alleged residuary legatees, not of the executors. It can make no difference whether the executors have or have not settled their accounts in the Probate Court, or whether the plaintiffs might have enforced their rights against the executors or trustees by asking for an accounting in that court. It is not the executors or trustees whom they now seek to hold, but the persons who, claiming to be the residuary legatees, have received the money to which the plaintiffs claim to be entitled. Accordingly we are of opinion that it does not appear from the averments of the bill that the plaintiffs must seek their remedy in the Probate Court alone, and that the demurrers cannot be sustained upon this ground.

If the testatrix had ordered that this surplus of the residue of her estate should be paid to particular persons named, to "be disposed of" by them "at their absolute discretion and according to their own judgment," this would very likely constitute an absolute bequest to the persons named, even though they happened also to be the executors nominated in the will. *Wells* v. *Doane,* 3 Gray, 201. But the clause of this will which is now in question is only a part of the disposition made of her estate by the testatrix. By the fifth clause of her will she bequeathed to Rust and Wadsworth (whom she afterwards named as executors) the sum of $10,000 in trust for the benefit of a cousin for life, with remainder over as that cousin should by will direct. By the sixth clause she gave to her "executors hereinafter named" $40,000 in trust to pay the income to her husband for life, with remainder to her children, or if there were no such children (as turned out to be the case), then to several named corporations and societies for charitable purposes. By the seventh clause she gave to Rust and Wadsworth all the residue of her estate, "but in trust nevertheless for the following uses and purposes," that is, for the benefit of her children, and for lack of such children to pay different amounts to many different legatees, some of them her relatives and friends, and some of them charitable societies or proprietors of cemeteries. Then follow the words, still as a description of the trust upon which Rust and Wadsworth were to take the fund: "After the payment of the above legacies then to pay to the Addison Gilbert Hospital, of Gloucester, Massachusetts, the remaining residue of my estate, but not exceeding fifteen thousand dollars in all, the same to be held as a fund in memory of Elias E. Davison, Esther G. Davison, his wife, and their children, the income only to be applied for the purposes of said hospital. Any surplus of my estate remaining after the payment of said fifteen thousand dollars to said Addison Gilbert Hospital shall be disposed of by my executors (and trustees), at their absolute discretion and according to their own judgment."

It is now elementary that if we can determine from the whole of the language used by the testatrix what her intention was, that intention must be carried out. And it seems clear to us that she intended the remainder of the residue of her estate to be taken by her executors and trustees not for their own personal benefit,

but to be disposed of and distributed by them in such manner as they should judge best. It was not in terms given to them personally; it was not ordered to be paid over to them as individuals; it was to be "disposed of" by her "executors (and trustees.)" And this provision was the concluding part of an elaborate and detailed statement of the trust upon which her trustees were to hold the fund. Apparently she did not consider that the trust was to come to an end until her trustees should have made final distribution of whatever amount might thus remain to be disposed of under this concluding provision, although it was left wholly to them to determine who should be the beneficiaries thereof. The bulk of her estate had been left to these same trustees upon different trusts; and she made specific provision for the individual benefit which one of them, her husband, was to derive therefrom. But perhaps the decisive consideration is that, as already has been said, the whole fund of which this remaining surplus is only a part was given to Rust and Wadsworth strictly in trust for certain carefully limited purposes, and that the last one of these purposes, in the event which has happened, was not that they should take any surplus for their own use or pay it over to themselves, but that they should dispose thereof, not according to specific directions of the testatrix, but according to their own judgment and discretion; that is, they were not to keep it for themselves, but were to dispose of it to others. We cannot avoid the conclusion that she did not intend them to take this sum for their own benefit, but to dispose of it, though in a manner left to their own unfettered discretion.

Under such circumstances it is settled by our decisions that the trust upon which this sum was held was too indefinite to be carried out, and that a resulting trust arose for the benefit of the next of kin of the testatrix. *Nichols* v. *Allen,* 130 Mass. 211. *Olliffe* v. *Wells,* 130 Mass. 221. *Minot* v. *Attorney General,* 189 Mass. 176. *Wilcox* v. *Attorney General,* 207 Mass. 198.

We have not thought it necessary to cite the many decisions in other jurisdictions to which we have been referred by the diligence of counsel, upon questions more or less closely resembling the point here presented. We are satisfied that our conclusion is supported both by sound reason and by the great weight of authority.

The defendants have not contended that the bill on its face is barred by the statute of limitations or by laches on the part of the plaintiffs.

*Demurrers overruled.*