WILLIAM E. BLUNT & another, executors, *vs.* MARTIN TAYLOR & others.

Essex.　February 7, 1918. — May 25, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Trust,* Void for indefiniteness. *Devise and Legacy,* Validity.

A will contained the following residuary clause: "All the remainder of my estate . . . I give, bequeath and devise to my executors and trustees, in whose honesty and discretion I have reposed especial trust and confidence, for certain purposes which I have made known to them. And I hereby authorize and empower my said executors to make such distribution and division of my estate as I have indicated to them, and as they shall deem proper for the fulfillment of my wishes so well known to them relying entirely upon their judgment in the premises." *Held,* that the residue was not given to the executors absolutely, but that a trust was attempted to be created, which was not for a charitable purpose and was wholly undefined, so that no valid gift was made and the residue was to be treated as intestate property.

BILL IN EQUITY, filed in the Probate Court for the county of Essex on November 21, 1916, by the executors of the will of Thomas J. Taylor, late of Haverhill, for instructions in regard to the proper distribution of the testator's estate to be made under the ninth and residuary clause of his will, which is quoted in full in the opinion.

The Probate Court made the following decree: "That it was not the intention of said testator to give a beneficial interest in the property disposed of under said ninth clause of said will to the petitioners; but that he intended that they should receive said property upon a trust which the court finds is not sufficiently

defined to be carried into effect. The petitioners received said property therefore under a resulting trust for Matthew H. Taylor, Martin Taylor and Louisa J. Foster, the heirs at law and next of kin of said testator, and the petitioners should make distribution thereof among said persons or their legal representatives in the same proportions in which they would have been entitled to intestate property of the testator."

William E. Blunt, and H. Clinton Taylor, who were named as executors in the will, appealed from the decree.

The case came on to be heard by *Crosby*, J., who at the request of the parties reserved it upon the record for determination by the full court.

The case was submitted on briefs.

*S. E. Wardwell & C. A. Wardwell*, for the executors.

*R. C. Pingree*, for the defendants Martin Taylor and others.

*F. H. Tilton, C. E. Sawyer & W. G. Cogswell*, for the defendants Herbert P. Coffin and others.

*W. E. Rowell & P. R. Clay*, for the defendant Paul R. Clay.

CARROLL, J. By the ninth clause of his will, Thomas J. Taylor disposed of the residue of his estate in these words: "All the remainder of my estate both real and personal of which I may die seized and possessed, and to which I may in any way be entitled at the time of my decease, I give, bequeath and devise to my executors and trustees, in whose honesty and discretion I have reposed especial trust and confidence, for certain purposes which I have made known to them. And I hereby authorize and empower my said executors to make such distribution and division of my estate as I have indicated to them, and as they shall deem proper for the fulfillment of my wishes so well known to them, relying entirely upon their judgment in the premises." The executors contend that no trust was created by this clause, that there was an absolute gift of the residue to them. In the Probate Court it was held that the executors received the property upon a trust which was too indefinite to be carried into effect, and that a trust resulted for the heirs at law and next of kin of the testator; from this decree the executors appealed.

If the words expressing trust and confidence in the honesty and discretion of the trustees and executors, and reliance "upon their judgment in the premises," were omitted from the residuary

clause, it probably would be undisputed that the testator did not intend an absolute gift to the trustees and executors, but to create a trust of the residue of his estate to be disposed of, they being authorized and empowered "to make such distribution and division."

The words expressing trust and confidence in the executors and trustees did not show that the executors were to take the property absolutely as their own. These words are merely expressions of confidence that the trustees will carry out the trust and distribute the property and divide the estate according to the wishes of the testator — already "made known to them," — according to their best judgment. The gift was not to the petitioners by name, but was a gift to them as trustees and executors of the testator's will; and he clearly manifested his intention to give the estate to them for certain purposes, although they were to use their own best judgment in its distribution, and as they thought proper for the fulfilment of his wishes. *Davison* v. *Wyman*, 214 Mass. 192. *Minot* v. *Attorney General*, 189 Mass. 176 and cases cited. *Nichols* v. *Allen*, 130 Mass. 211.

In *Lloyd* v. *Lloyd*, 173 Mass. 97, there was an outright gift of the estate, and the words of recommendation, confidence and desire were not intended by the testator to cut down this absolute and unrestricted character of the gift. See *Durant* v. *Smith*, 159 Mass. 229; *Aldrich* v. *Aldrich*, 172 Mass. 101; *Pitts* v. *Milton*, 192 Mass. 88; *Poor* v. *Bradbury*, 196 Mass. 207.

Although a trust was attempted to be created by the will of the deceased, it was not a charitable trust, and, not being sufficiently definite, it cannot be executed. The judge of probate, therefore, was right in deciding that the residue should go to Matthew H. Taylor, Martin Taylor and Louisa J. Foster, "the heirs at law and next of kin of said testator, and the petitioners should make distribution thereof among said persons or their legal representatives in the same proportions in which they would have been entitled to intestate property of the testator." *Olliffe* v. *Wells*, 130 Mass. 221. *Wilcox* v. *Attorney General*, 207 Mass. 198. *Davison* v. *Wyman, supra.*

Decree of the Probate Court affirmed.

*So ordered.*