OLD COLONY TRUST COMPANY, executor, *vs.* THOMAS P. WADELL & others.

Suffolk. November 15, 1935.— January 29, 1936.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & QUA, JJ.

*Trust*, Validity, Resulting.

A bequest in trust, in the trustee's discretion to reward "justly and fairly" persons who might have taken care of or nursed the testator and who had not already been "remembered by me herein," was void for indefiniteness, and there was a resulting trust for the next of kin.

PETITION for instructions, filed in the Probate Court for the county of Suffolk on January 18, 1935, by the executor of the will of Elizabeth M. Allen, late of Boston.

Certain respondents appealed from a decree entered by

order of *Dolan,* J., to the effect that the trust under the sixth clause of the will was void for indefiniteness and that there was a resulting trust for the next of kin.

*G. S. Fuller,* stated the case.

*E. S. White,* (*L. I. Phillips & M. D. Lemaire* with him,) for the respondents Ethel C. Gabriel and others.

*J. K. Carter,* (*R. W. Barrett* with him,) for the respondents Thomas P. Wadell and others.

QUA, J.    The sixth paragraph of the will of Elizabeth M. Allen, late of Boston, deceased, reads as follows: "All of the rest, residue and remainder of my goods and estate be it real, personal or mixed property, I give, devise, and bequeath unto my Executors and Trustees, Old Colony Trust Co. of Boston, Mass. and John A. McCaig, in Trust nevertheless for the uses and purposes of paying any person or persons who may have rendered service in taking care of me or nursing me. What I mean by this is that if there is anything left, after the payment of my just debts and charges of my last sickness and burial, and payment of the bequests set forth, if, in the judgment of my said Executors and Trustees, any person or persons, not already remembered by me herein, may be caring and doing for me, to be justly and fairly rewarded."

The present controversy arises between persons who claim under paragraph 6 on the ground that they have rendered services in caring for the testatrix and the heirs at law and next of kin of the testatrix, who contend that the trust which she attempted to create is void for indefiniteness and that there is a resulting trust of the residue in their favor. Evidence was offered that the residue would amount to about $11,000 with some deductions for taxes and services.

It has been held in various jurisdictions that a trust for the benefit of persons who may have cared for the testator in his last illness is not too indefinite as to the beneficiaries. *Lear* v. *Manser,* 114 Maine, 342. *Dennis* v. *Holsapple,* 148 Ind. 297. *Reinheimer's Estate,* 265 Penn. St. 185. The same result has been reached where the persons eligible to take are not limited to those who cared for him during his last illness, but include those who have cared for him during

his "old age" or his "last days." *Harriman* v. *Harriman,*
59 N. H. 135. *Bosserman* v. *Burton,* 137 Va. 502. And
it has been so held where the beneficiaries do not take
equally, but take in proportions to be fixed by the judgment
of the trustee, *Stout* v. *Hosmer,* 123 Kans. 697, though the
opposite result was reached in a somewhat similar case in
*Murdock* v. *Bridges,* 91 Maine, 124. The cases are col-
lected in 38 Am. L. R. 775.

But we are not called upon to decide how far we should
go in following these cases on similar facts, because we are
of opinion that the paragraph here in question was not
intended as a bequest of the entire residue to the persons
designated, to be divided among them either equally or
in any ascertainable proportions. It is evident that the
second sentence of the paragraph was inserted in the hope
of explaining the meaning of the first sentence. Although
no part of the paragraph is to be ignored, the second sen-
tence is more important than the first as a final expression
of the testatrix's intention. That sentence shows that
the residue is not given to these beneficiaries. It limits
them to being "justly and fairly rewarded." The words
"may be caring and doing for me" seem to refer to the
time of death only and so seem to narrow the more general
language of the first sentence. It cannot be supposed that
the testatrix intended to give the entire residue, which
might amount to a substantial sum, to some one person
who might have been "caring" or "doing" for her during
the last few days of her life, and who may already have
been paid in full the fair value of any services rendered.
The trust is not limited to those who have rendered gra-
tuitous service. And it is not intended as a means of pay-
ing any sums legally owed, because payment of debts is
expressly provided for outside this fund. It appears that
the principal claimants have in fact been paid in full.

We do not see how either the trustees or the court could
administer a trust which is not based upon the actual value
of the services and which does not divide the fund accord-
ing to the comparative amount or value of services ren-
dered by different persons, but which is based solely upon

the payment out of that fund of rewards or gratuities which may not exhaust the fund and for the ascertainment of which no standard is furnished. Nor do we see how we can give any construction to this clause which will obviate the difficulty without founding it upon a conjecture as to what the testatrix may have had in mind instead of upon anything written in her will. *Sanger* v. *Bourke,* 209 Mass. 481, 486.

The trust here attempted has none of the aspects of a public charity. As a private trust it fails for indefiniteness, and there is a resulting trust for the next of kin. *Sheedy* v. *Roach,* 124 Mass. 472, 476. *Nichols* v. *Allen,* 130 Mass. 211. *Minot* v. *Attorney General,* 189 Mass. 176. *Davison* v. *Wyman,* 214 Mass. 192.

*Decree affirmed.*