HORACE B. SHEPARD & another *vs.* MARGARET S. NEWTON.

MARGARET S. NEWTON *vs.* HORACE B. SHEPARD & another, trustees.

Norfolk.    March 7, 1939. — September 11, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Trust,* Validity, Discretionary powers of trustee, Beneficiary.

Trust provisions of a will and codicil were sufficiently definite as to property, beneficiaries, the nature of their interests and the powers and duties of the trustee, and the trust was valid, where it was constituted of the residue of the estate with power in the trustee in the events which occurred to make of the income an unequal division, not to be questioned except in case of fraud, into two parts, the first to be divided equally, with survivorship provisions, among the testator's daughters and the issue of any deceased daughter by right of representation, and the second part to be accumulated and expended by the trustee in his discretion for the daughters' needs, with power to add accumulated income of that fund to the principal, final distribution of the principal to be twenty-one years after the death of the last surviving daughter and to the testator's heirs determined as of that time.

PETITIONS, filed in the Probate Court for the county of Norfolk on December 16, and December 18, 1938, the first for the appointment of trustees under a will, and the second for vacation of a decree making such appointment.

Decrees, from which Margaret S. Newton appealed, were entered after hearings by *McCoole*, J.

*S. R. Wrightington*, for Margaret S. Newton.

*C. C. Cabot*, (*F. H. Burr* with him,) for Horace B. Shepard and another, trustees.

QUA, J.   The single contention of the appellant underlying both of these appeals is that the trust of the residue under the will of O. Atherton Shepard, late of Brookline, is void for indefiniteness.

The will as amplified by a codicil places the entire residue, real and personal, in trust for these purposes: "The net income from said residue is to be separated into three parts, for convenience designated as funds A, B and C. Divisions of this income shall be made by my trustees and their division shall not be questioned except in case of fraud." Fund A is to be paid to the testator's widow and at her death, or if she does not survive the testator, is to be added to fund B. "Fund B shall be paid to my daughters, Margaret S. Newton, Dorothea S. Bassett and Hilda G. Shepard, in equal amounts to each, payments being made in estimated quarterly amounts if each or either desires and adjusted annually. The issue of my said daughters shall succeed to the rights of its parent in said Fund B by right of representation. In the event of the death of any of my daughters without leaving issue their portion of Fund B shall be divided equally among my living daughters or their living issue, in case of their death, but if neither daughters nor issue living Fund B shall be added to Fund A and disposed of in same manner as Fund A." Fund C is to be accumulated and used at the discretion of the trustees for the benefit of the testator's daughters, "paying such portion as they [the trustees] may deem best to either of my daughters who in the trustees' judgment may most need it for her or their proper support, and at such times as said trustees may elect, and their decision shall be final as to said disposition" so long as either of the testator's brothers or his widow shall serve as trustee or, if no one of these is serving, "if my said daughters or two surviving daughters shall agree to" an unequal distribution. The trustees are to have power to add any or all accumulated income in this fund "to the principal held by the trustees whenever the trustees shall determine." If the widow shall survive all the daughters fund C is to be added to fund A. It is fur-

ther provided in a separate paragraph, seemingly applicable to all three funds, that all payments are for the support of the beneficiaries receiving the same and are not to be available to their creditors. The distribution of the original principal of the trust is governed by the codicil, probably made after the death of the testator's wife, who died before the testator. The codicil provides that the trustees may distribute any or all of this principal at any time to the daughters then living and the issue then living of any deceased daughter in equal shares by representation, provided the trustees deem the distribution to be advisable for any reason, and provided each of the daughters then living consents to such distribution. No other payments of this principal are to be made until twenty-one years after the death of the last surviving daughter, when all the remaining principal shall be distributed among the testator's heirs "determined as of that time."

No contention is made that the provisions applicable to fund A or to fund B are in themselves indefinite, but the appellant does contend that it is wholly discretionary with the trustees how much of the income they will allot to these funds; that they may allot to them only trifling amounts and so leave the bulk of the income to fund C, as to which their discretion is broader; and that in this way the trustees are given an unregulated control both over the selection of the beneficiaries and over the amounts to be paid to them, so that there are no terms of the alleged trust as to income which the trustees are bound to observe or which the court can be called upon to enforce.

We are not convinced that this trust is too vague to be enforced. Because of the death of the testator's wife before his death it is unnecessary now to consider fund A. We assume, without deciding, that the allocation of income to funds B and C is not required to be equal. The following discussion proceeds upon that assumption. The choice which the trustees may exercise in allocating income between these two funds is little or nothing more than a choice between the equal distribution of income among the testator's daughters and their issue by representation

under the provisions applicable to fund B and the payment of the income to these same daughters according to the trustees' judgment of their respective needs for support, with the power to add to the principal of the original fund any sums not so used, under the provisions applicable to fund C. If, in order to ascertain the total extent of the trustees' discretionary powers over the distribution of income, we add together their power over fund B, their power over fund C, and their power of allocation between the two funds, the result is only slightly different from that which would arise out of a type of trust in common use where the trustee is to pay the income to the testator's children and their issue according to the trustees' honest judgment of the needs of each and to accumulate for ultimate remaindermen any balance not so applied. Such differences as are disclosed by a careful examination are incidental to the scheme adopted by the testator for the accomplishment of his main purposes and do not extend the discretion of the trustees unreasonably or to the point where ascertainment and enforcement by the court of the testator's intent become impossible. There is no lack of precision in the ultimate disposition of the principal of the main fund.

This is not a trust for an indefinite class. The class of beneficiaries of income payments is limited to the testator's daughters and their issue and the class of beneficiaries of the accumulations of income which the trustees have power to add to the original trust fund reaches no further than to include the testator's heirs. The American Law Institute states the rule thus, "There can be a trust of which the beneficiaries are the relatives of a designated person among whom the trustee is authorized to select who shall take and in what proportions." Restatement: Trusts, § 121. *Kemp* v. *Kemp*, 5 Ves. 849. *Hitch* v. *Leworthy*, 2 Hare, 200. *Tabor* v. *Brooks*, 10 Ch. D. 273. *Portsmouth* v. *Shackford*, 46 N. H. 423. See *O'Rourke* v. *Beard*, 151 Mass. 9, and cases cited in Bogert, Trusts & Trustees, § 162.

The trust here assailed is sufficiently definite as to the property, the beneficiaries, the nature of their interests,

and the powers and duties of the trustees, and is a valid trust. Am. Law Inst. Restatement: Trusts, § 120, Comment b, second paragraph, Comment c; § 121. See *Leverett* v. *Barnwell*, 214 Mass. 105; *Cowley* v. *Twombly*, 173 Mass. 393, 396, 397; *Minot* v. *Attorney General*, 189 Mass. 176, 181. The terms of the trust distinguish this case from *Sheedy* v. *Roach*, 124 Mass. 472, *Nichols* v. *Allen*, 130 Mass. 211, *Olliffe* v. *Wells*, 130 Mass. 221, *Davison* v. *Wyman*, 214 Mass. 192, *Blunt* v. *Taylor*, 230 Mass. 303, and *Old Colony Trust Co.* v. *Wadell*, 293 Mass. 310, cited by the appellant.

Costs of this appeal as between solicitor and client are to be in the discretion of the Probate Court, to be determined in accordance with the principles laid down in *Frost* v. *Belmont*, 6 Allen, 152, 164, 165, *Boynton* v. *Tarbell*, 272 Mass. 142, 145, and *Lewis* v. *National Shawmut Bank of Boston*, 303 Mass. 187, 191.

*Decrees affirmed.*