G. Kenneth Burlingham & another *vs.* The Blanchard Machine Company & others.

Suffolk.    May 6, 1964. — June 3, 1964.

Present: Wilkins, C.J., Whittemore, Cutter, Kirk, & Spiegel, JJ.

*Corporation*, Stockholders' meeting, Stockholder.    *Unsound Mind.*

A contention by minority stockholders of a corporation in a suit in equity, that a vote at a stockholders' meeting to sell its assets was invalidated by misrepresentations in the notice of the meeting and proxy statement and at the meeting was without merit in view of contrary findings by the judge which were clearly right on reported evidence.    [579]

A contention in a suit in equity that a proxy of a stockholder in a corporation for a stockholders' meeting was invalid for lack of mental capacity of the stockholder was not supported by the evidence and findings of the judge even though the stockholder was a woman of advanced age whose memory was impaired and who lacked full appreciation of the details of the corporate business and her financial interest therein.    [579–580]

Bill in equity filed in the Superior Court on September 30, 1963.

The suit was heard by *Forte*, J.

*James D. St. Clair (Jerome P. Facher & Robert C. Silver* with him) for the plaintiffs.

*Edward H. Bennett, Jr. (Joseph H. Choate, 3rd,* with him) for the defendants.

Wilkins, C.J.    In this bill in equity by two minority stockholders of the defendant The Blanchard Machine Company (Blanchard), a Massachusetts corporation, to prevent the sale of its working assets to Pneumo Dynamics Corporation (Dynamics), a judge of the Superior Court found the facts adversely to the plaintiffs, a final decree was entered dismissing the bill, and the plaintiffs appealed.    The evidence is reported.    The judge's findings were dictated from the bench at the conclusion of the hearing, and there is no written report of the material facts found by him.

We state uncontroverted facts found by the judge or ourselves.    The plaintiff G. Kenneth Burlingham has seven

shares of the capital stock of Blanchard, and his mother, the plaintiff Hilda S. Burlingham, has twenty-one. The three defendant directors have proposed to sell the working assets of Blanchard to Dynamics for approximately $5,700,000, and a special meeting of the stockholders purported to approve this proposal on September 23, 1963. The total number of shares is 1,430. The vote at the meeting was 1,362 in favor and 68 against. A sale of all the assets requires a two-thirds vote, or 954. G. L. c. 156, § 42 (as amended through St. 1943, c. 38, § 1).

Other facts found by the judge, and disputed by the plaintiffs, are these. The stockholders and the holders of proxies were fully informed as to every relevant matter by the statements in the notice of the meeting issued on August 21, 1963, by the defendants, complemented by the full discussion at the meeting, in which all concerned were given a full opportunity to present their respective sides. The proxy statement of the company fairly presented the problem of taxes. The plaintiffs failed to sustain the burden of proving that one Hollis had any practical plan worthy of consideration. The transaction proposed as an alternative to that of the company involved more than $7,000,000, and there was no evidence that he and the plaintiffs would be able to raise anywhere near that amount. When the plaintiff G. Kenneth Burlingham realized that he would be unsuccessful in opposing the proposal of the company, he sought a continuance or postponement. He had had reasonable opportunity and more than a reasonable time within which he and Hollis could have presented a bona fide offer substantiated by evidence that they would be financially able to fulfil the terms of the offer. His endeavor to seek a continuance was purely for the purpose of delay and obstruction and not for the purpose of aiding the company or the stockholders in any way. The plaintiffs failed to sustain the burden of proving their allegation that the vote against the postponement of the vote upon the agreement with Dynamics at the stockholders' meeting was taken upon gross misrepresentation of the facts.

Burlingham *v.* Blanchard Machine Co.

1.   The plaintiffs nevertheless still contend that the vote was invalid because of misrepresentations (1) in the company's proxy statement and notice of the meeting and (2) at the stockholders' meeting.   These contentions would, in effect, require us to conclude that the trial judge's findings were plainly wrong.   This we shall not do, as we are firmly of opinion that they were clearly right.   An extended analysis of the evidence on these issues would not add to our jurisprudence.   We, therefore, omit making one.

2.   The plaintiffs attack the validity of the votes of two shareholders.   If both should be invalidated, a two-thirds vote would be lacking.   In the view we take we need consider but one of them.

The proxy of Miss Emily Shepard, owner of 127 shares, is challenged on the ground that she lacked mental capacity to comprehend what she was signing.   Her testimony was taken at her home.   The judge made the following findings. Miss Shepard is ninety-four years of age and is suffering from lapse of memory.   At the outset of her testimony she was unable to recall signing the proxy, and did not remember doing so until shown her signature, which she then recognized.   She did not have a full realization and appreciation of the intricate details of the business of Blanchard, nor of her financial interest in that business.   She could not say how many shares she owned.   She was keen enough to understand questions and to answer them truthfully.   Except for her physical disability and lack of memory she was fully in possession of her faculties.   When first confronted with a notice of the meeting and a copy of the proxy, she realized that she was incapable of deciding the question on her own knowledge and judgment, and so consulted with two women friends.   As a result of their advice she signed. Upon receipt later of a proxy from the plaintiff G. Kenneth Burlingham, she consulted with another woman friend, who in turn telephoned, consulted, and talked with two men at the New England Merchants Bank of Boston.[1]   They in-

---

[1] Miss Shepard's address as stockholder was in care of this bank.

formed her that they had discussed the matter with one of the counsel for Blanchard and told her to advise Miss Shepard not to sign. As a result, she did not sign that proxy.

The trial judge, who saw Miss Shepard, was in a far superior position to ourselves in evaluating her mental capacity. The plaintiffs' brief asserts there was no evidence which indicates any capacity on her part to understand what it was she signed. This is refuted by an examination of the record, particularly the testimony of her friend who consulted with the bank.

*Decree affirmed with costs of appeal.*